NEW-YORK,
Nov. 1808.

Parsons
v.
Adm'rs of
Gaylord.

Parsons, assignee of Freligh, an insolvent debtor, *against* the administrators of Gaylord.

THIS was an action of *assumpsit.* The cause was tried at the *Herkimer* circuit, the 3d *October*, 1807, before Mr. Justice *Van Ness.*

The declaration was on a joint and several promissory note, dated the 18th *December*, 1798, for 162 dollars and 63 cents, made by the intestate, *Gaylord*, and one *Owen Carmer*, payable to *Michael Freligh*, or order, on the 1st *November*, 1799.

It appeared from the evidence, at the trial, that *Carmer* had given his bond to one *Bartlett*, for the consideration money agreed to be paid, on the purchase of a parcel of land, and on the payment of which, the land was to be conveyed to him by *Bartlett. Bartlett*, being indebted to *Freligh* by bond, in a larger amount, delivered to him the bond of *Carmer*, with a written authority to receive payment, and an order on *Carmer* to pay the amount to *Freligh.* The intestate joined with *Carmer* in the note in question, and the amount due to *Bartlett*, was indorsed by *Freligh* on the bond of *Carmer*, and the bond itself delivered up to *Carmer.*

Some of the witnesses testified, that at the time the note was given, *Carmer* and the intestate expressed an apprehension that *Bartlett* would not consider the note as a payment on the bond against *Carmer*, and that *Freligh* said, if *Bartlett* was dissatisfied and should refuse to consider the note as a payment on the bond, that he, *Freligh*, would then give up the note to the intestate and *Carmer*, and that on this assurance from *Freligh*, they signed the note. *Bartlett* afterwards declared his dissatisfaction, and refused to consider the note as payment ; and went with the intestate and *Carmer*, and demanded the note of *Freligh*, who refused to deliver it up, saying that the intestate and *Carmer* should not be hurt by it. This testimony, however, was contradicted by other witnesses.

C. gave his bond to B. for a certain sum of money, on the payment of which B. agreed to convey a certain quantity of land to C. B. delivered the bond to F. with an authority to receive the money; and C. with G. as his surety, gave a joint and several note to F. for the amount of the bond, which was given up to C. In an action on the note against G. it was held, that he could not set up as a defence, an agreement by F. that in case B. should refuse to consider the note as a payment on the bond, it should be returned, nor a want of consideration, by reason of the failure of B. to convey the land to C.

NEW-YORK,  It appeared also, that *Bartlett* had become bankrupt, and
Nov. 1808.  could give no title for the land to *Carmer*. The judge
Parsons  charged the jury, that if the latter witnesses were to be
v.  believed, the plaintiff was entitled to recover, and the jury
Adm'rs of  accordingly found a verdict for the plaintiff.
Gaylord.

A motion was made in behalf of the defendant to set aside the verdict, and for a new trial.

1. Because the verdict was against evidence.

2. For the misdirection of the judge.

*Cady*, for the plaintiff.

*Hildreth*, (Attorney-General,) contra.

SPENCER, J. delivered the opinion of the court. The defendant insists, that the consideration of the note on which the present suit is brought, has failed, because *Bartlett*, with whom *Carmer*, one of the makers of the note, had contracted for the purchase of a piece of land, refused to consider the note as a payment on the bond given for the land, and had become a bankrupt, and wholly unable to convey a title for the land pursuant to his contract.

There is a contrariety of evidence, as to what passed when the note was given ; and the jury, without deciding on the credit of the witnesses, have given a verdict under the direction of the judge, who considered the evidence of an agreement to give up the note, and of *Bartlett's* refusal to admit it in payment, as irrelevant. It is necessary, therefore, to inquire merely whether the agreement set up by the defendant can operate as a defence in this action. It is clear that the giving the note by *Carmer* and his taking possession of the bond, under the authority given by *Bartlett* to *Freligh*, amounted in law, to a payment, and any dissent of *Bartlett* afterwards, must be unavailing. The agreement that *Bartlett* should allow the note as a payment, was in effect performed, since he could not legally disallow it ; and his subsequent dissent, after he was thus concluded by the acts of his agent, was vain and idle. *Carmer* had also in his possession the

fullest evidence to show that he had paid, as between him and *Bartlett*, what he was bound by his bond to pay.

The subsequent bankruptcy of *Bartlett*, cannot affect or vary the case. If *Garmer* chose to part with his money, before he acquired a title for the land, it was a want of caution on his part, for which he must blame himself.

The Court are, therefore, of opinion, that the direction of the judge was correct, and that the plaintiff is entitled to judgment.

Judgment for the plaintiff.