<div style="margin-left:margin">ALBANY,<br>August, 1811.<br><br>VAN SLYCK<br>v.<br>KIMBALL.</div>

---

<div style="text-align:center">VAN SLYCK <em>against</em> KIMBALL.</div>

<div style="margin-left:margin"><em>A.</em> having sold and conveyed to <em>B.</em> a certain piece of land, covenanted with him to indemnify and save him harmless from all demands, dues and damages whatsoever, which might happen or arise to him, from a certain mortgage on the same land. It was held that this was tantamount to a covenant for quiet enjoyment against the mortgage; and that <em>B.</em> could not maintain an action for a breach of the covenant, without showing an eviction, under the mortgage.</div>

THIS was an action of covenant. The declaration stated that the defendant, by his deed, dated the 13th of *January*, 1807, covenanted with the plaintiff to indemnify and save him *harmless* from all demands, dues or damages whatsoever; which should or might happen or arise to him, for or on account of a *mortgage* executed by one *Julius Shaw* to one *John White*, for the whole of the western quarter of lot No. 41. in *Springfield*. The plaintiff averred that, at the time he was seised of the westerly half of the westerly quarter of the said lot, containing 25 acres, and that *White*, the mortgagee, on the 14th of *October*, 1809, under a power contained in the mortgage, sold the whole of the westerly quarter of the lot, including the lands owned by the plaintiff. That the plaintiff's title to the westerly half of the westerly quarter, was posterior, and subject to the mortgage, and so the plaintiff's title had been defeated and destroyed; and the defendant had not kept the plaintiff harmless, &c.

The defendant pleaded *non est factum*, and *non damnificatus*, after craving oyer, and concluded with a verification.

The plaintiff replied, that he was seised in his own right, at the time of the covenant, and at the time of the sale under the mortgage, of the equal westerly half of the westerly quarter of the first lot, and that *White*, the mortgagee, sold as aforesaid, and that the title of the plaintiff was posterior to the mortgage, and subject to it, and so his title has been defeated, by reason whereof he had been damnified, and concluded to the country.

<div style="text-align: right">
ALBANY,<br>
August, 1811.<br>
<br>
VAN SLYCK<br>
*v.*<br>
KIMBALL.
</div>

To this *replication* there was a special *demurrer;* 1. Because the replication does not state with sufficient certainty how the plaintiff has been damnified; 2. Because no disturbance or eviction, in consequence of the sale, was alleged, nor that the plaintiff had been obliged to pay any moneys on account of such mortgage or sale; 3. Because there was a *departure* from the declaration.

*Cady*, in support of the demurrer. The plaintiff could not have been damnified by the mortgage in any manner but by an eviction, or by expending money on account of the mortgage. But he alleges no such damage. He merely states, that the mortgagee, by virtue of a power in the mortgage, sold the premises. This does not vary the situation of the plaintiff. He says that in consequence of the sale, his title has been defeated and destroyed; but that is a conclusion of law, not of fact; and a plea must consist of matters of fact, to be tried by a jury, not of matters of law.[*] *Eviction* is the only evidence of a title being destroyed.[†] Title, as *Coke* defines it, is a lawful cause of entry into land, whereof another is seised. *Montague*, Chief Justice, says, " if one has a right or title to land, and, afterwards, comes into possession of the same land, his right or title is extinct or suspended in the land; for during the time that he has the land, it is not *in esse; ergo* during that time it cannot be termed a right or title."[‡] If then the plaintiff remains seised and possessed, his title cannot be affected, or his situation changed.

[*] 1 *Chitty on Plead.* 519, 520.
[†] *Co. Litt.* 345.
[b.]
[‡] *Plowd.* 88.

ALBANY,
August, 1811.

VAN SLYCK
v.
KIMBALL.

The most the plaintiff can allege is, that his equity of redemption has been destroyed by the sale. But he alleges that he was well seised in his own right, &c. If so, then his equity of redemption has not been destroyed, and he has no legal cause of complaint.

The act concerning mortgages (sess. 24. c. 156. s. 5.) speaks of a sale made in due form of law, under a power from the person having the equity of redemption. The power relates only to the equity of redemption; and the mortgagee must get possession of the legal estate, before he can exercise it. If the land be held adversely, the power of sale cannot be exercised. The relation of landlord and tenant does not exist; nor is there any privity of estate between the plaintiff and the mortgagee.* The plaintiff's title is adverse to that of the mortgagee.

* 2 Johns. Rep. 84. 4 Johns. Rep. 215.

A second mortgage or a judgment will prevent the exercise of the power of sale, to the prejudice of the second mortgagee or a subsequent judgment creditor. Why should not the rights of the second grantee be equally protected? The legislature did not think it necessary to provide especially for such a case, since such grantee being in possession and holding adversely, a sale by the mortgagee could not prejudice or defeat his rights.

The power of sale contained in a mortgage is a power coupled with an interest.† The mortgagee has a vested estate in the land, and if he sells it, the purchaser must take it subject to the same rules as in the hands of the mortgagee. Again, there is a striking analogy between a devise of land to executors to be sold, and a mortgage of land with power to sell. Then suppose, before any sale by the executor, a third person should get possession, and hold adversely, could the executor sell?

† 1 Caines' Cases in Error, 15. Bergen v. Bennet.

[SPENCER, J. Your argument is founded on a *petitio principii;* you take it for granted that the grantee held

adversely to the *mortgagee*, when, in fact, he holds sub-
ject to the mortgage.]

ALBANY,
August, 1811.

VAN SLYCK
v.
KIMBALL.

The plaintiff, in his declaration, should have alleged
that his estate was subject to the mortgage; but he alleges
that he was seised in his own right.  He ought also to
have shown of what estate he was seised, and that he
was seised at the time of the sale by the mortgagee.
The plaintiff, aware of this defect in his declaration, has
made these allegations in his replication.

*H. Bleecker*, contra.  It is objected that we do not
show an eviction, nor that we have been obliged to pay
money, by reason of the mortgage.  But this is not an
action on a covenant for quiet enjoyment; but on a cove-
nant to indemnify and save harmless against a particular
mortgage.

Such damages as necessarily result from the breach of
the contract need not be stated in the declaration.* They
will be ascertained at the trial.

* *Chitty on Pl.*
332. *7 Vin. Ab.*
298. *Styles*, 458.

The plaintiff has not pleaded a conclusion of law, but
a fact.  He alleges that the land has been sold under the
mortgage, and the covenant is to indemnify him against
it.

The nature of the estate of a mortgagor is well un-
derstood in this court.  The mortgagor is the owner of the
land.  He is seised, and the land descends to his heirs.
The mortgagee is not seised; he has only a pledge.
Again, it is said that the right of the plaintiff has not
been impaired, and that he has not been damnified.  But
he has been deprived of his legal title; his *justa causa
possidendi*, without which he cannot expect to retain the
possession of the land.

It is objected, also, that the plaintiff, in his declaration,
has not stated the nature of his estate; but he says he
was seised of the premises, subject to the mortgage.

which is tantamount to an averment that he had the equity of redemption.

We contend that the replication is good; but should the court think otherwise, then we object to the plea as bad. Where there is a covenant to indemnify against a certain thing, it is not sufficient to say *non damnificatus*, generally; but the defendant must show how he indemnified.*

* 5 *Mod.* 244.
*Com Dig. Pl.*
(2 V. 13)

*Per Curiam.* A covenant "to indemnify and save harmless from all demands, dues and damages whatsoever, which might happen or arise on account of a certain mortgage," is tantamount to a covenant for quiet enjoyment against the mortgage, and the plaintiff must show an eviction under the mortgage. The case comes within the principle of the decisions in *Waldron* v. *M'Carty*, (3 *Johns. Rep.* 471.) and of *Kortz* v. *Carpenter*. (5 *Johns. Rep.* 120.) Judgment must be rendered for the defendant.