Trustees of
Newburgh
v.
Galatian.

A bond to
save harmless
and indemnify,
*against the
costs and ex-
penses of a cer-
tain act,* ex-
tends to the
costs of defend-
ing a ground-
less suit for the
act, in which
the obligee
succeeded.

The obli-
gors having no-
tice of the suit
in which the
expenses are
incurred, are
bound to de-
fend it; and if
they do not,
the recovery
is conclusive
against them.

So if the
costs are incur-
red by ano-
ther, who sues
the obligee for
them, who
gives notice to
the obligor to
defend; the
recovery a-
gainst the obli-
gee is conclu-
sive against
the obligor as
to the amount
of damages.

The rule
that a cove-
nant for quiet
enjoyment is
not broken un-
til a lawful suit
and eviction, is
technical, ap-
plying to that
particular co-
venant; and does not extend to a bond of indemnity.

A bond of indemnity against an act palpably illegal is void; otherwise of an act *prima facie* legal, and *bona fide.*

## THE TRUSTEES OF THE VILLAGE OF NEWBURGH *against* GALATIAN AND GRISWOLD.

DEBT on bond in the penalty of $1000, conditioned that the defendants should pay the plaintiffs all such sums of money as should or might be paid, laid out and expended by the plaintiffs, in repairing and improving a certain street in Newburgh, called First street, that is to say, that part or section of First street, between Colden street and Hudson's river, so as to construct and make a safe and convenient passage and way for wagons, carts and carriages, in and along First street to the road and highway leading to George Gardner's dock, near First street; and should moreover save, defend, keep harmless and indemnified, from time to time and at all times after the date, the Trustees of, the village of Newburgh, for the time being, their agents, workmen and servants, and each and every of them, and also the overseers of streets, roads and highways of the village, and each and every of them, of, from and against all *actions, suits, costs, damages, and demands whatso·ever,* for or by reason, or on account thereof. Plea by Galatian, 1. *non est factum,* 2. performance, and 3. *non damnificatus.*

To the 2d plea the plaintiffs replied, setting forth the commencement of a suit by one Gardner against the former Trustees, for repairing and improving First street, as mentioned in the bond, in which they expended $770 83 about their defence, which the defendants in this suit, though requested, refused to pay; and that these Trustees having gone out of office, sued their successors, for the costs expended, and in October term, 1821, recovered $859 33, besides costs; that the present plaintiffs expended $83 09 in defending the suit in favor of their predecessors, of which the present defendants had notice, and they were requested to defend it; but though requested to pay, had not paid, &c.

To the 3d plea the replication was substantially the same.

Rejoinders denying the suits and payments.

The issues were substantially the same as to Griswold.

The cause was tried at the Orange Circuit, July 1st, 1823, before Duer, C. Judge.

At the trial, the execution of the bond being admitted, the plaintiffs proved the suits and disbursements mentioned in the replication. In the suit brought against the plaintiffs' predecessors, the verdict was for the defendants; and the principal question was, whether the condition of the bond embraced the expense of suits improperly brought for the cause mentioned in the condition, and in which the Trustees succeeded; or whether it was not confined to well founded suits.

Other testimony was given and other questions raised, which will sufficiently appear from the opinion of the Court. The documentary and other proof was very voluminous; but it is not material, for the purpose of the questions decided, to state it. Griswold produced and proved his discharge as an insolvent debtor, under the body act. The cause was argued by

*T. J. Oakley*, for the plaintiffs, and

*C. H. & P. Ruggles*, for the defendants.

*For the plaintiffs*, it was argued that the defendants had notice of the suit against them. This was admitted by the course of pleading and the recovery was conclusive. (*Blasdale* v. *Babcock*, 1 John. Rep. 517.)

The defence of the first suit was for the benefit of the obligors, who stood in the relation of sureties, and were bound to pay the costs of the defence. Their liability was like that of an endorser on an accommodation note. (*Powell* v. *The Trustees of Newburgh*, 19 John. Rep. 284, 287.)

*For the defendants*, it was argued, that the bond could not be considered as an indemnity to the Trustees against the wrongful or illegal acts of strangers, or against groundless suits; but must have reference to some claim of right, which might be set up in opposition to the Trustees, against the contemplated repairs; and as they had succeeded, and re-

ALBANY,
Feb. 1825.

Trustees of
Newburgh
v.
Galatian.

covered their costs, they could not be considered as having been legally damnified, within the import of the bond. It was likened to a covenant for quiet enjoyment. (*Van Slyck* v. *Kimball*, 8 John. Rep. 198.) The words are general. To make them operate as an agreement to indemnify against wrongful suits, they should be expressly and specifically pointed to such a case. (*Perry* v. *Edwards*, 1 Str. 400. Vin. Abr. *Condition*, (Z. *a*,) pl. 6, and note there. *Foster* v. *Mapes*, Cro. Eliz. 212. *Broking* v. *Cham*, Cro. Jac. 425. *Leigh* v. *Gotyer*, id. 444. *Lloyd* v. *Tompkies*, 1 T. R. 671. *Dudley* v. *Folliott*, 3 T. R. 584.)

In *Simpson* v. *Griffin*, (9 John. Rep. 131,) a payee endorser who had been sued and paid the debt, with costs, was denied the recovery of those costs against the maker.

In reply, it was said that the case of *Van Slyck* v. *Kimball*, (8 John. Rep. 198,) and *Korts* v. *Carpenter*, (5 John. Rep. 120,) and *Waldron* v. *M'Carty*, (3 id. 471,) the cases on which *Van Slyck* v. *Kimball*, (8 id. 198,) is founded, go upon a technical rule, applicable only to covenants for quiet enjoyment. *Perry* v. *Edwards*, (1 Str. 400,) was a covenant for the quiet enjoyment of personal property; and went upon the same technical doctrine with a similar covenant relative to real estate.

That the bond was not void as being to indemnify against an illegal act, *Blackett* v. *Crissop*, (1 Ld. Raym. 278,) was cited.

*Curia*, per WOODWORTH, J. The defendants covenanted to pay all sums of money expended in improving First street, and to indemnify the plaintiffs from all actions, suits, costs and damages on account thereof. It evidently was the intention of the parties that the plaintiffs should be completely indemnified for all lawful acts in the discharge of their duty. It could not be foreseen, that groundless suits would not be commenced against them. They knew, that if drawn into litigation in such cases, expenses would necessarily accrue; and, therefore, to guard against such a contingency, resorted to this covenant. If the bond is not to be construed in this manner, the indemnity is imperfect. To the plain-

ALBANY,
Feb. 1825.

Trustees of
Newburgh
v.
Galatian.

tiffs the injury is the same, whether they are subjected to costs and expenses, by a party having a well founded claim, or by one who has not. In either case they must defend, and in so doing are obliged to incur costs. The only difference would be, that, in the first case, they would be subjected to costs and damages, in the latter to costs only. The plaintiffs, as Trustees, may have proceeded with all requisite caution, and discharged their duty in good faith, and yet it might happen that some individual received an injury, in consequence of the improvements made, for which he would be entitled to maintain his action. If the plaintiffs had been guilty of gross negligence, or wilfully or maliciously injured the property of others, there would be no remedy on the bond. A stipulation to indemnify for such acts would be against law, and void. The plaintiffs were prosecuted by Gardner, who had no cause of action against them. The suit was instituted with a view to recover damages by reason of the acts of the plaintiffs in making the improvements on First street. That the condition extended to such a case is, to my mind, manifest. It is true, that a covenant to indemnify against all demands, dues and damages is tantamount to a covenant for quiet enjoyment, which goes to the possession, and not to the title; and that the latter is broken only by an entry and expulsion from, or some actual disturbance in the possession, without which no action can be maintained. (3 John. 471. 5 John. 120. 8 John. 198.) These cases were cited on the argument as analogous to the one before us, but they do not apply. Covenants for quiet enjoyment of land, or to indemnify against incumbrances, have been settled by a series of decisions, and acted upon. They manifestly imply that the possession of the person indemnified shall be actually disturbed. An eviction must be shown. But in the present case, as well the intention of the parties, derived from the bond, as the expressions used, require a different construction. The indemnity is more extensive. The plaintiffs are to be protected against all costs to which they might be subjected on account of making the improvement. It is neither expressly, or by implication, put on the ground that a recovery must be had against the Trus-

ALBANY,
Feb. 1825.

Trustees of
Newburgh,
v.
Galatian.

tees. If this view be correct, the inquiry is, whether the plaintiffs have shown enough to enable them to recover.

The issue joined is substantially, whether the former Trustees were sued by Gardner for making repairs and improvements on First street ; and whether they had paid the costs and expenses by reason of such prosecution. I think the plaintiffs have sufficiently established the affirmative. The suit of Gardner was professedly commenced to recover damages for the acts of the plaintiffs as Trustees of Newburgh. The first count in his declaration alleges an obstruction of the old road between Water street and First street ; the second count alleges that the plaintiffs filled up a sluice, and turned the water, by which Gardner was injured. It is true that Gardner abandoned the second count on the trial, but that is no answer to any part of the plaintiffs demand, for they were bound to come prepared to defend against all the counts—they all had reference to the improvements made ; the plaintiffs could not mistake the nature of the claim. Walter Case testified, that the sluice was in the centre of First street; when, therefore, Gardner stated in his second count, that the gravamen was, the stopping up the sluice, they were apprised that it pointed to the repairs made, equally with the first count. Whether Gardner gave any evidence under the second count becomes immaterial. The costs in question are for resisting the claim until it was abandoned. Shutting up the old road was connected with, and formed a part of the improvements. Selah Reeve, a witness, testified that the work was done under his superintendence ; that First street was raised from 2 feet 6 inches, to 3 feet, where it crossed Gardner's old road ; and that after the improvement the old road became useless.

It may be observed that the reasonableness of the costs, or whether the suit of Gardner might have been defended at less expense, does not seem to be drawn in question ; nor does it appear what were the items constituting the bill of costs. If the defendants on the pleadings and case are liable, the amount is ascertained ; it is the sum recovered of the plaintiffs and their costs in making a defence.

The breach assigned by the plaintiffs is, that the former Trustees incurred costs, in the defence of Gardner's suit to $770 83 ; that they prosecuted the plaintiffs to recover the same, and did recover $859 33 ; that the plaintiffs expended $83 09 in the defence, of which the defendants had notice. The rejoinder is, that Gardner did not prosecute as stated in the replication, that the plaintiffs have not been obliged, nor have they paid such costs. That Gardner commenced such action, and failed, is fully shown. The plaintiffs proved that they paid the amount ; that they were obliged to do so, is evident by the record of recovery against them. The defendants were requested to defend that suit, and refused or omitted. It is therefore conclusive upon them. (1 John. 517.  6 John. 158. 7 John. 168.)  They cannot now litigate the question whether the costs claimed by the former Trustees, and recovered against the plaintiffs, were extravagant or not. They might have shown in the former suit what deductions, if any, ought to be made ; not having done so, we are not to intend that more was recovered than necessary costs and expenses.

I have considered the facts stated in the case of the former Trustees against the plaintiffs, (*Powell & others* v. *The Trustees of Newburgh*, 19 John. 284,) as evidence in this cause. The stipulation is, that it might be in evidence as competent proof that the judgment before mentioned was obtained upon the facts therein stated. This is a sufficient admission of those facts, without farther proof.

I am of opinion that the plaintiffs are entitled to judgment ; but no execution to be issued against the body of Griswold.

Judgment for the plaintiffs.