DAVID RICE, Administrator of John West, *versus*
EZRA GODDARD.

In an action on a promissory note given for the purchase-money of land conveyed by deed with covenants of seisin and warranty, the action being between the original parties, it is competent for the defendant to prove, by way of defence, a total failure of title to the land.

Where the note was assigned by the payee after it had become due, and the maker expressly promised the assignee to pay it, and afterwards the title to the land entirely failed, it was *held* that the assignee could not enforce payment of the note against the maker.

ASSUMPSIT on a promissory note made under the following circumstances. One Whitney was in possession of a tract of land, situate in Worcester, claiming to own it. About the date of the note, West, being the attorney of Whitney, sold the land to one Pond. A deed was made and executed by Whitney and his wife, and it was agreed that Whitney and West should come to Worcester at a particular time and deliver it. In the mean time Pond bargained with the defendant for the land, and when West and Whitney came to deliver the deed, Goddard and Pond were present, and it was delivered to Pond, and a part of the purchase money was paid by Goddard, and for the balance Goddard gave the note now in suit. This note, dated October 10, 1828, and payable in one year, was made to West as agent of Whitney, and it was agreed between West and Whitney, that West should hold it for the benefit of Whitney, and pay over to him the money which might be paid upon it. The fact that Pond had bargained with Goddard for the land, was known to West and Whitney, and some conversation was had about the deed from Whitney being made directly to Goddard, but as the deed to Pond had already been signed by Whitney's wife, it was thought best that it should be delivered to Pond, and that Pond should make his deed to Goddard. This was accordingly done. Both deeds contained the usual covenants of seisin and warranty.

On November 7, 1829, the note was assigned, for a valuable consideration, to one Coolidge, to whom Goddard made one or more payments upon it, and promised to pay the balance.

The balance of the note was not pai !. because it was dis-

25 *

covered that the title to the estate was not in Whitney, when he conveyed it ; and Goddard was ousted from the possession of the land, and he has ever since refused to pay the note.

An action has been commenced by Goddard against Whitney, upon the covenants in his deed, and Whitney was defaulted at the first term, and the action has been continued from term to term to save the attachment made in the same suit, and no judgment has been rendered thereon.

*Merrick* and *Kinnicutt* for the plaintiff. The covenants in Whitney's deed constitute a valid and sufficient consideration for the note. *Knapp* v. *Lee*, 3 Pick. 452 ; *Fowler* v. *Shearer*, 7 Mass. R. 19 ; *Phelps* v. *Decker*, 10 Mass. R. 279 ; 1 Dane's Abr. 125, cites *Little* v. *Roberts ; Lloyd* v. *Jewell*, 1 Greenl. 352. The covenants were independent of the promise in the note, and one independent covenant or promise is a good consideration for another. 1 Wms's Saund. 320, note 4. The covenants were certainly a part of the consideration for the note, and where there are two considerations and one fails or is void, and the other is good, and the proportions of them cannot be liquidated, the promise will be intended to have been given wholly for the good consideration. Com. Dig. *Action on the case in assumpsit*, B 13 ; *Bradburne* v. *Bradburne*, Cro. Eliz. 149 ; *Coulston* v. *Carr*, Cro. Eliz. 847 ; *Bliss* v. *Negus*, 8 Mass. R. 51 ; *Campbell* v. *Jones*, 6 T. R. 572. [But see *ante*, *Parish* v. *Stone*, 198, 207.] By bringing the action against Whitney on the covenants, Goddard has elected to consider the note as in force. *Kimball* v. *Cunningham*, 4 Mass. R. 502 ; *Hunt* v. *Silk*, 5 East, 448 ; *Curtis* v. *Hannay*, 3 Esp. R. 83 ; *Ketletas* v. *Fleet*, 7 Johns. R. 324. The note was the promise of Goddard to pay the debt of another, the debt being due from Pond to Whitney, and the want or failure of consideration between Pond and Goddard is no defence to the action. 4 Petersdorff's Abr. 229 ; Bayley on Bills, (Phil. and Sewal's 1st edit.) 350, and notes ; *Nickerson* v. *Howard*, 19 Johns. R. 113 ; *Sanger* v. *Cleveland*, 10 Mass. R. 415 ; *Parsons* v. *Adm'rs.* of *Gaylord*, 3 Johns. R. 463. But the consideration between Goddard and Pond has not failed entirely, for Goddard has Pond's covenants, which he may enforce. It

Rice
v.
Goddard.

will be said that Coolidge took the note subject to all claims of set-off by Goddard against Whitney.; but by a payment to Coolidge of part of the note, and an express promise to pay him the balance, Goddard has waived this defence ; *Fenner* v. *Meares*, 2 W. Bl. 1269 ; *Crocker* v. *Whitney*, 10 Mass. R. 316 , *Tudor* v. *Whiting*, 12 Mass. R. 218 ; and this waiver also estops him, as against Coolidge, to show that there was a total failure of the consideration. He has thus led Coolidge to neglect taking measures which might once have been effectual, to obtain a repayment of the consideration which passed from Coolidge to Whitney.

The difference in the amount of damages on the covenant and on the note, and the inconvenience of trying a title to land in an action of assumpsit, are considered in *Lloyd* v. *Jewell*, 1 Greenl. 352.

*J. Davis* and *Washburn*, for the defendant, said that the express promise made to Coolidge was not binding, being made under a mistake of fact, it being then supposed that the defendant had a valid title to the land.

To the point that there was a failure of the consideration of the note, they cited Bayley on Bills, (Phil. and Sewall's 1st edit.) 345 ; *Reed* v. *Prentiss*, 1 N. Hamp. R. 176 ; *Shepherd* v. *Temple*, 3 N. Hamp. R. 458 ; *Knapp* v. *Lee*, 3 Pick. 452 ; *Greenleaf* v. *Cook*, 2 Wheat. 16 ; *Frisbee* v. *Hoffnagle*, 11 Johns. R. 50 ; 3 Stark. Evid. 280, note ; *Sargent* v. *Southgate*, 5 Pick. 320 ; *Evans* v. *Prosser*, 3 T. R. 186.

*Per Curiam.* This action is brought on a promissory note, for the benefit of an assignee, but it is subject to the same defence as if prosecuted for the benefit of the promisee. The note was given in consideration of the conveyance of land by deed with the usual covenants of seisin and warranty. The title to the land failed entirely ; and the question is, whether that want of title is an entire want of consideration for the note, so as to render it *nudum pactum*, or whether the covenants were of themselves a sufficient consideration to support the promise. It was decided by the court in Maine, in *Lloyd* v. *Jewell*, 1 Greenl. 360, that the covenants were a sufficient consideration. The decisions of that court are entitled to great respect ; the opinion however in the case cited was

Rice
*v.*
Goddard.

grounded on what was considered to be the settled law of Massachusetts ; but though there have been dictums, (*Fowler* v. *Shearer*, 7 Mass. R. 19 ; *Phelps* v. *Decker*, 10 Mass. R. 279 ;) there has been no decision in this State, to that effect, and so the foundation of the opinion fails.   The same subject has been before the courts of other States, and the decisions have uniformly been, that a total failure of title is a tota failure of the consideration.    *Frisbee* v. *Hoffnagle*, 11 Johns. R. 50 ; *M‘Allister* v. *Reab*, 4 Wendell, 483 ; *Steinhauer* v. *Witman*, 1 Serg. & Rawle, 447 ; *Gray* v. *Handkinson*, 1 Bay, 278 ; *Bell* v. *Huggins*, 1 Bay, 327 ; *Chandler* v. *Marsh*, 3 Vermont R. 162 ; *Tillotson* v. *Grapes*, 4 N. Hamp. R. 448.   The promise is not made for a promise, but for the land ; the moving cause is the estate ; and if that fails to pass, the promise is a mere *nudum pactum*.    It was objected that the rule of damages in an action on the covenant would be different from the consideration of the promise ; but in the case of a total failure of title, the amount of damages would be the same ; and it is just that a party should be allowed to show a total failure, in an action on the promise, instead of being compelled to seek his remedy on the covenants.   [See *Dickinson* v. *Hall*, *ante*, *p*. 217.]

*Plaintiff nonsuit*