GIBSON *vs.* RENNE and others.

A note made by a debtor, his sureties, and a third person, in part payment of an existing liability, is not a sufficient consideration to support an agreement to give day of payment for the residue made without the consent of the sureties; and consequently can not be set up in bar of the action or in discharge of the sureties.

THIS was an action of *debt*, tried at the Essex circuit in June, 1833, before the Hon. ESEK COWEN, then one of the circuit judges.

The suit was brought upon a bond executed by Renne and two other persons as his *sureties*, conditioned to pay to the plaintiff such sum as should be found due to him by *arbitration* or otherwise in reference to a partnership which had existed between the plaintiff and Renne. There subsequently was a submission of the matters in controversy to arbitrators, who awarded that Renne should pay to the plaintiff the sum of $970. The award was made on the 28th December, 1829; by the bond on which the action was brought the sum which should be found to be paid by Renne if any, was to be paid *within thirty days* after the sum should be ascertained. On the 10th April, 1830, the defendants delivered to the plaintiffs a promissory note signed by themselves and by one C. F. Hammond, for $650, payable in one year, which the plaintiff received and agreed to *apply on the award*. The defendants offered to prove that the above note was procured and delivered, under an agreement made in April, 1830, between the plaintiff and Renne without the *consent of the sureties;* that the same should be procured and delivered to the plaintiff *in part payment of the award*, that the plaintiff should wait for the *residue* of the sum awarded the term of 15 months from the time of the agreement, and that in the meantime, the subject matter of the award should be re-investigated; that the plaintiff subsequently refused to re-investigate the matter and brought his action before the expiration of the 15 months. The plaintiff's counsel objected to the evidence

NEW-YORK,
May, 1838.

Gibson
v.
Renne.

thus offered to be given, and it was rejected by the judge. The plaintiff had a verdict, and upon the ground of the rejection of the evidence offered, (and other grounds not here noticed) the defendants asked for a new trial.

*M. T. Reynolds,* for the defendant.

*S. Stevens,* for the plaintiff.

*By the Court,* BRONSON, J. The alleged *agreement to wait* fifteen months was not founded on a sufficient consideration. The delivery of a note or obligation of a *third person* may sometimes be set up by way of accord and satisfaction, *Booth* v. *Smith,* 3 Wendell, 66, *Boyd* v. *Hitchcock,* 20 Johns. R. 76 ; but here the note of the defendants and Hammond was to be received *in part payment* of the award. It surely can be no better consideration than the payment of so much money by the defendants would have been ; and then how does the question stand ? The debt was due ; the debtor says to the creditor, you promised in consideration that I would discharge in part an existing and present duty, that you would give further time for the satisfaction of the residue. I cannot understand how this makes a good consideration for a promise. The discharge of a legal obligation by the debtor to the creditor, cannot be such an injury to the one, or benefit to the other, as will make what the law calls a sufficient consideration for an agreement.

New trial denied.