# NEW YORK COMMON PLEAS.

EDMUND W. TRYON and others agt. WILLIAM T. JENNINGS and others.

In all *appeals* from the *district courts*, and the *marine court* in the city of New York, to this court, both parties must be ready for argument when the cause is called, and the *engagement of counsel* in another court or elsewhere, will not be regarded as an excuse or a sufficient reason for postponing the hearing.

Where, on such appeal, judgment of affirmance has been regularly taken by default, the court will require the appellant, on motion to open the default, before hearing his excuse, to show that his case has *merits*, which will be ascertained on the motion from mere statement without argument, or by a careful inspection of the return.

A defence set up to an action upon a promissory note, being one of several given by the defendants for goods purchased of the plaintiffs, that the plaintiffs had agreed to extend the time of payment of the note in suit, provided the defendants paid at maturity one of the other notes thus given, which they had done, is no defence at all. There is no consideration for such an agreement.

*Special Term, January*, 1861.

AN appeal was taken in this case by the defendants from the determination of the marine court, at general term, and which, on being called in its order on the calendar of the general term of this court, was affirmed by default, no one appearing on behalf of the appellánts. It is now urged that the omission to appear arose from the business engagements of the appellants' attorneys elsewhere at the time, and through which this case was unintentionally overlooked.

WILLIAM C. RUSSEL, *for the motion.*
THOMAS B. VAN BUREN, *opposed.*

HILTON, J. It does not seem out of place to here remark, that owing to the great number of appeals taken to this court from the marine and district courts, we have been obliged to require both parties to the appeal to be ready for argument when their case is called, and an engagement of counsel in another court or elsewhere, is not regarded

by us as an excuse in these cases, or a reason for postponing the hearing.

We regret exceedingly that this course has been forced upon us by the accumulating business of the general term, and wish that it were otherwise; but it cannot be, so long as the number of these appeals is so great, and the time we can devote to them, consistent with a proper regard for our other official duties, so limited.

Therefore it is, that upon an application to set aside a judgment of affirmance regularly taken by default, we have adopted the practice of requiring the appellant to show that his case presents a meritorious question, either upon the law or the facts involved in it; and this we ascertain upon the motion from the mere statement of the question without argument, or by a careful inspection of the return. After being satisfied on this point, then, if the excuse is sufficient, the default will be opened on terms, but not otherwise.

In the present case it appears from the return submitted, that the action was brought upon a promissory note, being one of several given by the defendants for goods purchased of the plaintiffs; and the defence set up was, that the plaintiffs had agreed to extend the time for payment of the note in suit, provided the defendants paid at maturity one of the notes thus given; that they had performed the agreement on their part by paying the note referred to, and were ready and willing to give their renewal note for the one in suit, payable at the extended time thus agreed upon.

Without determining whether the evidence at the trial established the defence set up, I think it may safely be assumed that, had the defendants proven all they claimed, it would have availed them nothing, as it has long ago been settled by a series of decisions admitting of no question at this day, that such an agreement, being void for want of consideration, would be of no binding force. (*Hoare* agt.

*Graham,* 3 *Camp.,* 57; *Pabodie* agt. *King,* 12 *John.,* 246; *Fulton* agt. *Matthews,* 15 *John.,* 432; *Miller* agt. *Holbrook,* 1 *Wend.,* 318; *Reynolds* agt. *Ward, id.,* 502.) The payment of a debt actually due cannot be regarded as conferring a benefit upon the party receiving it, and to countenance the existence of a cotemporaneous secret understanding or agreement, differing from and controlling that expressed upon the face of a note, would be not only recognizing a new principle with regard to commercial paper, but one of a very dangerous character. (*Hoare* agt. *Graham, supra*; *Thompson* agt. *Ketchum,* 8 *John.,* 190; *Fitzhugh* agt. *Runyon, id.,* 375; *Wells* agt. *Baldwin,* 18 *id.,* 45.)

The force and effect of a contract must be determined by the contract itself, and not by proof *aliunde*; and this general rule of law is as applicable to notes as to other written instruments. (*McCartie* agt. *Stevens,* 13 *Wend.,* 527; *Parsons* agt. *Gaylor,* 3 *John.,* 463; *Edwards on Promissory Notes,* 313; *Pratt* agt. *Gulick,* 13 *Barb.,* 297; *Payne* agt. *Ladue,* 1 *Hill,* 116; *Erwin* agt. *Saunders,* 1 *Cowen,* 249; *Hunt* agt. *Adams,* 7 *Mass.,* 518; *Stackpole* agt. *Arnold,* 11 *id.,* 27.)

The promise here set up was to forbear and give time for payment, in consideration of the defendants doing what they were already bound to do. Such an act of duty could not be regarded as sufficient consideration for any purpose, as the defendants, by paying one of their notes at maturity, but discharged a legal obligation which cannot be supposed to have caused either injury or benefit to either party. (*Gibson* agt. *Reane,* 19 *Wend.,* 389.)

There being clearly nothing in the defence set up or attempted to be established at the trial below, there exists no reason for opening the judgment of affirmance already entered. Motion denied with $10 costs.