## GEORGE CAMPBELL *v.* GEORGE W. CARTER.

To entitle the plaintiff to a preliminary injunction in an action to restrain the defendant from harboring the plaintiff's wife, it must appear conclusively that the defendant has acted maliciously and not from motives of humanity.

Hence, where, on such a motion, the defendant, who was the wife's father, denied any malice or improper influence over the wife, and the wife averred fears of personal violence from her husband, the motion will be denied.

SPECIAL TERM, <em>January</em>, 1869.

MOTION for preliminary injunction. The action was brought to restrain the defendant from harboring the plaintiff's wife and child, and from preventing the plaintiff visiting them.

The plaintiff obtained an order to show cause why a preliminary injunction should not be granted, and, on the hearing, it appeared by affidavits that the plaintiff and his wife had since their marriage lived with the defendant, who was the wife's father. The defendant denied having improperly influenced his daughter against her husband, and the wife also made affidavit that she was under no restraint whatever, but that she was in great fear of personal violence from her husband, the plaintiff, and could not safely trust herself in his society, and that the plaintiff left her voluntarily.

*A. Levinger,* for the motion.

*Philip F. Smith,* opposed.

BRADY, J.—In *Hutcheson* v. *Peck* (5 Johns. 196), it was said, by Spencer, J., " It is believed that the books furnish no precedent for this kind of action ; and further, that its novelty was no argument against its being maintained," but the right to recover was by the prevailing opinions of the court made dependant upon the defendant's malicious or corrupt conduct. It was the rule, prior to that case, and is now, that the mere harboring of a married woman by a stranger from motives of humanity, would not give the husband a right of action; and, as was also said in the case referred to, the same acts which in a stranger might be deemed to proceed from improper and unjustifiable motives, ought to be considered as proceeding from parental affection when committed by the father, who is bound by the laws of nature to shelter and protect his child. The good sense of these views cannot be gainsaid, and no action of this kind should be countenanced in the absence of proof which leads to no other conclusion than that the defendant has acted maliciously. The evidence submitted on this motion justifies no such conclusion. The plaintiff's wife alleges improper conduct on the part of the plaintiff, which she regards as sufficient to warrant apprehension of personal violence, and the defendant denies any attempt to improperly influence her. This motion cannot be entertained, therefore, and must be de-

nied. No relief suggested would be authorized upon the facts disclosed, but if a meeting of the plaintiff and his wife can be promoted by the defendant with a view to their future union and welfare, it would be commendable in him to employ his influence thereto. The meeting could be readily arranged, so that the plaintiff's wife would be perfectly safe and free from the influence which the plaintiff seems to think is unjustly exercised against his marital rights. This court, acting as a court of conciliation, will lend its support to accomplish a reunion between the plaintiff and his wife, if it can be used for that purpose, but cannot enforce in this case by order such a result, directly or indirectly.

Motion denied.

