## TAMMIEN *vs.* CLAUSE.

Part payment, by a debtor, of a demand, does not form a sufficient consideration for an agreement by the creditor to extend the time of payment of the balance of the demand.

But where an agreement to extend the time of payment is based upon the agreement of the debtor, to do, and the doing by him, of an act which he was not in law under obligation to do — as to procure and assign a policy of insurance to the creditor — it is upon a sufficient consideration; it *seems.*

It is the general rule, and well settled practice, to deny an injunction when the general equities of the complaint are denied. But it is the duty of the court, whenever relief of a temporary or permanent character is refused, otherwise than upon a full consideration of the merits, to make such refusal without prejudice to a new suit or application.

Upon the hearing of a motion, the court may direct a reference to a referee, to ascertain and report the facts in respect to the existence of an agreement which is alleged in the complaint and denied in the answer, with his opinion thereon.

Tammien *v.* Clause.

MOTION to continue injunction. A preliminary injunction was allowed *ex parte*, and the defendant ordered to show cause why it should not be continued. The hearing, on the day for showing cause, was upon the pleadings only. The plaintiff offered to read further affidavits in support of his complaint. To that the defendant objected.

*H. C. Hall*, for the plaintiff.

*C. G. Burrows*, for the defendant.

HARDIN, J. By answering the complaint, the defendant has taken issue upon the merits of the plaintiff's alleged case. A demurrer would have raised and compelled a decision, at the very outset of the case, of the very interesting question of law raised upon the hearing of this motion, in respect to the validity of the alleged agreement to extend the time of payment of the mortgage referred to in the pleadings. That question involves the merits, and will control, to a very great extent, any decree that may be ultimately made in this action.

The learned counsel for the defendant insists that the case of *Parmelee* v. *Thompson* (45 *N. Y.*, 58,) is decisive of this question. But in that case there was a payment of costs — a performance of an obligation, by the defendant — of a legal obligation absolutely resting upon him. He had made, in effect, a part payment of the liability resting upon him. It has long been settled that such a partial payment does not form a sufficient consideration for an agreement to extend the time of payment of the balance of the creditor's demand. That was the only point involved in and actually decided in the above case. Judge ALLEN refers, in his opinion, to *Gibson* v. *Renne*, (19 *Wend.* 389.) In that case it was held, by the court, that a *part payment* in the note of a third person forms no consideration for an agreement to

extend the time for payment of the balance. That payment in the *obligation* of a third party is upon the same footing with a payment made in money: see opinion of BRONSON, J. (*Id.* 390.)

In this case the alleged agreement was based, as is stated in the complaint, upon the agreement by the defendant to do, and the doing by him of an act which he was not, in law, under obligation to do. The plaintiff had in no way covenanted to procure and assign a policy of insurance to the defendant.

If such an obligation rested upon the plaintiff, and he performed it by an assignment of a policy, or, what is equivalent, by making the loss, if any, payable to the defendant, there would, in that act, have been no consideration for an agreement by the defendant to extend the time of payment.

It has been said that promising additional security is a sufficient consideration for an agreement, made by the creditor, to extend the time of payment. (2 *Wend.*, 201. 15 *Barb.*, 332. *Cowen's Tr.*, *p.* 68, *4th ed, sec.* 118. 30 *N. Y.*, 474. 36 *id.*, 107, 110.) But it is not necessary to determine, upon this preliminary injunction, whether that rule has been modified, or not. That question belongs to a more serious consideration of the case upon the merits, from a decision of which an appeal might be had.

Upon this motion, the question might not be reviewable, and it is not in accordance with the better practice of the court to determine the merits of the case upon a motion for a preliminary injunction.

The learned counsel for the defendant correctly states it to be the general rule, and well settled practice, to deny an injunction when the general equities of the complaint are denied. The authorities fully bear out his proposition. (1 *John. Ch.*, 211. 6 *Paige*, 295. 18 *How. Pr.*, 186. 42 *id.*, 52. 3 *Daly*, 165.) But it is likewise the duty of the court, whenever relief of a temporary or

Tammien v. Clause.

permanent character is refused, otherwise than upon a full consideration of the merits, to do so without prejudice to a new suit or application. The extent of the refusal, or the time when it shall be made, rests, somewhat, in the discretion of the court or judge having the case or motion under consideration. (*Crosier* v. *Acer*, 7 *Paige*, 137. *Code*, § 219.)

In this case the plaintiff, in effect, asked leave to present further affidavits; and if this application to continue the injunction should be denied, then it would be his right to ask, on fresh affidavits, as well as on the complaint now here, for a renewal, or a new order for an injunction. (60 *Barb.*, 162.) And that might not advantage the defendant, any more than a conditional order which can be made on this motion. Evidently when both persons shall have an opportunity to present full affidavits, there will be a serious conflict whether any agreement to extend the time of payment was actually made, or not, between the parties, as alleged in the complaint, and fully denied in the answer of the defendant.

That question can be more intelligently and correctly determined by a person who shall hear an oral examination of the parties and their witnesses, than by the court or a judge upon hearing such conflicting affidavits.

It is therefore believed that it is better that a referee should be ordered, upon this motion, to ascertain and report the facts in respect to the alleged agreement, to wit: Was any such agreement made, as is alleged in the complaint, to extend the time of payment? and, What is the value of the premises covered by the mortgage?

Upon the return of the report of the referee on those questions, as well as any evidence he may take in respect thereto, with his opinion thereon, the determination of this motion will be made.

The reference may be to Hon. A. Loomis, in accordance with the views here expressed, upon the settlement

of an order before me, on two days' notice, to be given by either party.

The referee's fees must be paid by the plaintiff; and they will be costs in the cause.

After the settlement of the order of reference, the referee will be at liberty to proceed to a hearing, on three days' notice, to be given by either party.

Further questions, as to costs, reserved until the final hearing of the motion.

Ordered accordingly.

[At Chambers, Little Falls, March, 1873. *Hardin*, Justice.]