## AUGUST BEISERT ET AL. v. DAVE WIZIG.

No. 2098. Decided November 23, 1910.

**1.—Assignments of Error.**

The assignments of error by an appellant considered and held not to raise the question of law as to the right of an indorser of a promissory note to defend against suit thereon upon the ground that he was induced to make the indorsement in reliance on false representations that he incurred no liability thereby. (Pp. 592, 593.)

**2.—False Representations—Indorsement of Note.**

Evidence that defendant, sued as indorser of a promissory note, had been induced to sign the transfer to another by representations by the agent of the assignee, who wrote the words of assignment, that he would incur no liability thereby, he having refused to sign otherwise and being unable to read what was written for him to sign, considered and held to support a finding that his indorsement was obtained by fraud. (P. 593.)

**3.—Agency—Charge—Assuming Fact.**

Evidence considered and held to show so conclusively that one who procured the transfer of a promissory note by the payee was acting therein as agent of the assignee, and the latter bound by his false representations as to the character and effect of the transfer, as to justify the court in assuming, in its instructions, the fact of such agency. (P. 593.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Lee County.

Wizig sued Beisert and others. Defendant had judgment which, on plaintiff's appeal, was reversed and rendered in favor of the latter. Beisert then obtained writ of error.

*Wm. O. Bowers,* for plaintiff in error.—The court did not err in assuming in his charge to the jury that Q. U. Watson was the agent, attorney and representative of the plaintiff, Dave Wizig, in the matter of the transfer of the notes from Beisert to Wizig, because the undisputed facts show that to be true. Houston & T. C. R. Co. v. Berling, 14 Texas Civ. App., 544; San Antonio & A. P. Ry. Co. v. Isle, 59 S. W., 565; Eason v. Eason, 61 Texas, 226; Mitchell v. DeWitt, 20 Texas, 294; Hedgepeth v. Robertson, 18 Texas, 858; Huffcut on Agency, p. 27, sec. 28; Bradstreet v. Gill, 72 Texas, 117.

Wizig by accepting the notes as endorsed by Beisert, and coming into the court as plaintiff suing on the same, adopts the means by

which the endorsement was procured, and Watson so securing such endorsement for Wizig's benefit thereby becomes Wizig's agent, and the acts by which such endorsement was procured—those that are detrimental as well as those that are for his benefit—become Wizig's acts by election and ratification. Paley on Agency, 324; Huffcut on Agency, sec. 34; American Natl. Bk. of Austin v. Cruger, 91 Texas, 451; Texas Cons. Comp. & Mfg. Co. v. Dublin Comp. & Mfg. Co., 38 S. W., 407.

The endorsement of the notes by Beisert created a contract of guaranty between him and Wizig, and if same was procured by fraud it was void and Beisert was entitled to have same cancelled. Stacy v. Ross, 27 Texas, 4; Buchanan v. Bilger, 64 Texas, 593; Pendarvis v. Gray, 41 Texas, 329.

*Watson & Simmang,* for defendant in error.—It is error for the court in its charge to assume any material fact as established, about which there is controversy in the evidence. East Texas Fire Ins. Co. v. Brown, 82 Texas, 635; Texas Land Co. v. Watson, 3 Texas Civ. App., 233; Turner v. Grobe, 24 Texas Civ. App., 554; McCallon v. Cohen, 39 S. W., 973; Western Union Tel. Co. v. Kendorza, 77 Texas, 257; Williams v. Davidson, 43 Texas, 39; Panhandle Bank v. Emery, 78 Texas, 498; Bank v. Carper, 67 S. W., 190; Chattanooga Foundry Works v. Gorman, 12 Texas Civ. App., 75; Lenoir v. Rosenthal, 1 Texas Civ. App., 83.

Where a sane man knowingly and without restraint delivers to another, for a valuable consideration, his obligation in writing for the doing or refraining from doing any certain thing, he can not be heard to say afterwards that he was deceived and by reason thereof he did not know the purport of such instrument. Hurt v. Wallace, 49 S. W., 675; Story's Equity Jurisprudence, vol. 1, p. 200; Jackson v. Stockbridge, 29 Texas, 398; Houston & T. C. R. Co. v. Van Alstyne, 56 Texas, 448.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This suit was brought by Dave Wizig against John Ballard and Malinda Williams, negroes, as makers, and August Beisert as endorser of five promissory notes, and for the sum of $510, and to enforce a lien upon a tract of land for which the notes were given. John Ballard and Malinda Williams made default and judgment was rendered against them for the amount of the notes and foreclosing the vendor's lien for their payment. August Beisert resisted judgment for the notes, alleging, in substance, that his endorsement was procured by the fraud of Wizig, in representing before the endorsement was made, that its only effect was to transfer the notes and that it would import no liability for their payment. The cause between Wizig and Beisert having been submitted to a jury, they returned a verdict in favor of the latter.

Upon appeal the Court of Civil Appeals held that a promise not to be bound by an endorsement could not be enforced, and for that reason reversed the judgment and rendered a judgment in the cause for the plaintiff. In this view we do not concur. In the first place,

we find no assignment of error in the Court of Civil Appeals which raises the question. We have carefully examined the assignments of error in the brief of the appellant without finding .any which gives countenance to the question. Besides the defendant Beisert testified that by reason of not having his spectacles he was unable to read the endorsement upon the notes; that he was assured by Watson that it imposed no liability upon him, and that believing this he signed the endorsements and that all this was done fraudulently. This whole question of fraud is left untouched by the Court of Civil Appeals. In Stacy v. Ross, 27 Texas, 3, it is held: "Where a promissory note was read to an illiterate man as for a different and less amount than that expressed on its face, and he was thereby induced to sign a different note than that which he supposed he was signing, held, that the note was void *in toto,* for want of the assent of the maker and by reason of the fraud perpetrated in obtaining his execution of it." For these reasons we can not sustain the ruling of the Court of Civil Appeals.

The only other assignments that call for consideration are those which call in question the evidence to show that Watson in the transaction acted as the agent of Wizig. But there was testimony to show that in the incipiency of the transaction Wizig suggested to Beisert and the negroes to go with him to Watson's office; that he was requested by Beisert to write the deed, which he did and for which Beisert paid him; then at the same time he drew up a contract to be signed by Beisert in which the latter bound himself to take up the notes after twelve months in the event they were not paid; that Beisert refused to sign this contract; that two days afterwards Beisert called Watson up over the telephone and Watson told him to come to his office and execute the deed; that Wizig was satisfied to take his chances with the negroes; that he came in and Watson insisted upon his signing the notes as endorser, telling him that the effect was merely to transfer the notes and not to create any liability upon them; and that upon presentation of the notes so endorsed Wizig paid the money for them. It is evident, while Beisert paid Watson for drawing the deed, that in preparing the contract, which was not executed, he was acting for Wizig, and that in procuring the endorsement of the notes he was Wizig's agent. We see no ground for denying this conclusion, and think the court did not err in charging that Wizig was responsible for Watson's acts.

Our conclusion is that there was no error in the proceedings of the District Court as pointed out by the assignments of error and that the Court of Civil Appeals erred in its judgment. We accordingly reverse the judgment of the Court of Civil Appeals and affirm that of the District Court.

*Reversed and judgment of District Court affirmed.*