Stacy v. Ross.

ANDREW B. STACY AND ANOTHER v. JOHN V. ROSS.

Fraud equally avoids all contracts, whether simple contracts or specialties.

Where a promissory note was read to an illiterate man as for a different and less amount than that expressed on its face, and he was thereby induced to sign a different note than that which he supposed he was signing ; *held*, that the note was void *in toto*, for want of the assent of the maker and by reason of the fraud perpetrated in obtaining his execution of it.

ERROR from Cherokee. Tried below before the Hon. R. A. Reeves.

The appellants, A. B. Stacy and Osborn Wells, brought this suit against the appellee on a promissory note for $132 18, bearing eight per cent. interest until paid.

The defendant answered under oath that the note was obtained from him by fraud and misrepresentation ; that he agreed to execute his note for the sum aforesaid bearing five per cent. interest ; that the plaintiff Stacy drew up the note and read it as bearing five per cent. interest to the defendant, who was an illiterate man, unable to read and write, and who was thereby induced to sign it.

The defendant introduced evidence sustaining the allegations of his answer ; and the court below charged the jury that if they believed from the evidence that the note was obtained as so alleged in the answer, they should find for the defendant.

The plaintiffs asked the court to charge the jury that even if obtained as alleged by the defendant, yet the note was good for the principal and only void as to the interest ; which charge was refused by the court.

The jury returned a verdict for the defendant ; the plaintiffs moved for a new trial because the court erred in the instructions given and refused. Motion overruled, and plaintiffs sued out their writ of error.

*Donley & Anderson*, for plaintiffs in error.—The evidence sustained the plea, and the only question is, was the whole note void or the interest only ; and upon this we would submit that

although the general principle is that fraud vitiates every contract, yet that the note in this cause may be considered as embracing two distinct subjects of contract: the principal first; second, the interest; that the fraud alleged was only in reference to the interest, and that it only rendered that portion of the contract void, and that plaintiffs should have recovered the face value of the note upon the same principle that, when the contract is to do two or more acts, and one of them is void because founded upon an illegal consideration, the other can be enforced which is founded upon a legal consideration. (Story on Contracts, § 627.) Suppose in this case, the note had stipulated or provided that it should bear no interest, and the plaintiff had read it as bearing interest, then the plaintiff could surely have recovered the amount specified in the note, and the defendant would not have been released from the debt thus acknowledged to be due, for the reason that the fraudulent reading would not injure the defendant; then in the case presented by the transcript, the plea of fraud should only avail him to the extent of the injury it may have inflicted upon him, and no further.

Suppose, by way of illustration, that A. should be indebted to B. on various small accounts amounting to a certain sum, and B. should fraudulently represent the whole amount as more, and A. on this representation should give his note to B., surely the note would not be wholly void, but only *pro tanto*. But again we submit that the defendant in this case, before he seeks equitable relief in this cause, should do equity, and should offer to pay the amount which is justly due.

*Guinn & Everett*, for defendants in error.

WHEELER, C. J.   The plea, supported by the affidavit of the defendant, in effect denies the execution of the note as set out in the petition.   It sets out specially the facts which, in the case of a specialty, would be sufficient to support the plea of *non est factum*.   That plea is proper when the deed varies from that declared on, or when it was void *ab initio ;* as when it was obtained by fraud, or when a different instrument was substituted for the

one which the defendant supposed he was executing. (12 Johns., 337; 10 Mass., 267, 274.) "If a deed be misread, or misexpounded to an unlettered man, this may be shown·on *non est factum*, because he has never assented to the contract." (Per Spencer, J., 12 Johns., 337.)

As respects the liability of the defendant on the contract, it can make no difference that it is not a specialty, but a simple contract. Fraud will equally avoid the contract. The note having been read to the defendant as for a different and less amount than expressed upon its face, and being an unlettered man he was imposed upon and really signed a different note from that which he supposed he was signing. Under these circumstances he can not be said to have given his assent to the contract, and is not bound by it. The evidence fully establishes the truth of the plea. The question of the fraudulent misreading of the note was distinctly submitted to the jury by the charge of the court, and their finding affirms the misrepresentation and imposition practiced upon the defendant. He cannot be held bound by a contract to which his signature was thus obtained, and to which he had never assented.

Judgment affirmed.