# PATRICK GAVAGAN

## *v.*

# THEODORE H. BRYANT *et al.*

1. FRAUD—*innocent purchaser not affected by fraud of a prior grantee.* An innocent purchaser of real estate in good faith, for a valuable consideration, where the record shows the title in his grantor, will be protected, and a prior owner, from whom a conveyance was obtained through fraud and circumvention, can not recover in ejectment against him.

2. If one of two innocent persons must suffer a loss, he who contributed to it, or enabled another to commit a wrong, must bear it. If a party signs and acknowledges a deed, supposing it to be a lease, without reading the same, and thereby enables his grantee to sell the property to an innocent purchaser for a valuable consideration, the title will pass to such purchaser, and the grantor must bear the loss.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. W. K. McALLISTER, Judge, presiding.

This was an action of ejectment, by Patrick Gavagan against Theodore H. Bryant, Emily J. Bryant, Emeline Castle and Edward H. Castle, for the recovery of lot 29 in block 61 in the Canal Trustees' sub-division of section 7, town 39 north, range 14 east, and known as No. 245 Warren Avenue, in the city of Chicago.

Mr. ALBION CATE, for the plaintiff in error.

Messrs. ELLIS & FRAKE, for the defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Plaintiff in error brought an action of ejectment in the circuit court of Cook county, against defendants in error, to recover a lot of ground in the city of Chicago. The Bryants pleaded the general issue, and disclaimed any interest in the land. The Castles pleaded the general issue. The case was tried by the court without a jury, by consent of parties. The court found for defendants, and denied a motion for a new trial, and plaintiff prosecutes this writ of error, and asks a reversal.

It appears that plaintiff in error was, on and prior to the 1st of February, 1868, the owner of the lot in fee. He and Theodore H. Bryant were, at that time, both employed by Platt & Thorn, the first as drayman and the latter as their bookkeeper. Plaintiff in error testified that, prior to that time, Bryant had frequently proposed to purchase the lot, but he always refused to sell; that Bryant then proposed to lease it for ten years, which he declined, but finally consented to lease it to him for five years; that Bryant presented him with what he represented to be a lease, which he signed, and Bryant then paid him $100, being one year's rent; that soon afterwards, one evening at dusk, Bryant came to the barn, bringing with him one Pease, a notary public, and that Bryant privately told him he was about leasing the property to Pease, and wanted plaintiff in error to acknowledge his signature; that the paper was showed to him folded, and the notary asked him if it was his signature, and he replied that it was; that when the lease was signed, a boy about 14 years old signed it as a witness; that subsequently Bryant brought to him another paper, folded, for him to sign, saying that it was for the cost of getting an abstract and looking up the title. This paper bore the name of Fred. Thorn, a boy, as a witness. Plaintiff in error paid all taxes for 1869–70, and special assessments for

1871; that Bryant gave to plaintiff in error four notes, each for $100, for the balance of the rent.

In the fall of 1871, plaintiff in error testified, in passing the lot, he discovered a much finer house thereon than a lease for five years would justify. He afterwards investigated the matter, and found Mrs. Castle had erected the house, costing about $6000, claiming to own the lot in fee.

It was stipulated that a warranty deed from Theodore H. Bryant and wife to E. J. Bryant, for the premises, dated January 10, 1870, and recorded January 14, 1870, also a warranty deed from Emily J. Bryant to Emeline Castle, for the same premises, dated May 21, 1870, and recorded May 26, 1870, were read in evidence. An agreement purporting to have been signed by plaintiff in error and Theodore H. Bryant, dated the 12th day of February, 1868, and acknowledged before B. L. Pease on the 24th day of November, 1869, was read in evidence. This is an agreement by plaintiff in error to sell and convey the property to Bryant for $1100, to be paid within two years from its date. There were indorsed on the back of the agreement some assignments not material to this case, also a receipt of $90 in cash, of Bryant, and of notes for the balance on the contract.

Defendants also read in evidence a warranty deed for the property from plaintiff in error to Bryant, dated the 28th day of February, 1868, and acknowledged before B. L. Pease on the 10th day of January, 1870, which was recorded on the 14th day of January, 1871, in the proper office, thus deriving title from plaintiff in error and vesting it in Mrs. Castle, and fully and effectually defeating a recovery by him unless he has shown facts sufficient to destroy the title shown by Mrs. Castle. He insists that he never intended to sign anything but a lease and the paper in reference to the abstract, and if he ever executed a contract to convey the land, or a deed of conveyance, it was procured by fraud and circumvention, and it was void.

We will not stop to inquire whether the evidence adduced by plaintiff in error is sufficient to overcome his deed regu-

larly acknowledged before a proper officer. The question is, whether Mrs. Castle, who is admitted to have been an innocent purchaser in good faith, and for a valuable consideration paid and discharged, can be affected by the alleged fraud. The evidence shows, and it is not controverted, that she had no notice or anything to excite inquiry to find whether the deed was fairly and honestly made, or procured by fraud.

The deed and the acknowledgment were regular, and the certificate of acknowledgment made by the notary public is unquestionably genuine. It proves the fact of acknowledgment, and the officer swears that plaintiff in error did acknowledge it and the agreement. Then, the deed being regular, and nothing to excite suspicion, was Mrs. Castle protected in her purchase?

It may be well doubted whether the proof is sufficient, even between plaintiff in error and Bryant, had the contest been between them, to overcome and destroy the deed; but even if it were, Mrs. Castle must be protected as an innocent purchaser for value. She has done no wrong, has acted on the record as she found it, and this, too, by the acts of plaintiff in error. He concedes that he executed the deed, but insists that it was fraudulently obtained from him, but not by any act of hers. He admits that he could read, with spectacles, but only indifferently. Yet, had he exercised reasonable prudence, and no more than ordinary caution, he would not have been induced to execute the deed. Then why place the loss on her, not only of the price she paid for the lot, but the improvements she placed thereon, when she has been guilty of no wrong or omission of any duty?

Plaintiff does not seem to have been vigilant in regard to the condition of the property. He permitted Mrs. Castle, after her purchase, to go on and improve the same at large expense, without the slightest warning or notice that he claimed to be the owner. It is true, there is no direct evidence that he knew the fact, but it would be singular if he took no interest in seeing in what manner the tenant was improving the property. It is almost incredible, that he would for so great

380          GAVAGAN *v.* BRYANT *et al.*          [Sept. T.

Opinion of the Court.

a length of time remain ignorant of the improvements being made on the lot. If he was not informed, he must be a singular exception among men.

If what he says is true, but it does not by any means appear to us to be so, still, by his negligence, he placed it in the power of Bryant to sell an apparently good title to an innocent purchaser, and the rule is, that, where one of two innocent persons must suffer a loss, he who contributed to it, or enabled another to commit the wrong, must bear the loss. Had plaintiff, even if what he says is true, used the care he should have done, he would have read the instrument, and had he done so, he would not have executed the deed, and thereby have enabled Bryant to sell the property so as to pass the title into the hands of a *bona fide* purchaser.

No authority has been referred to as holding that, where a deed may have been obtained by fraud, a conveyance from such a fraudulent grantee to an innocent purchaser will be set aside because of the fraud committed by the first grantee. But it is believed that the rule is uniformly adhered to, that such a *bona fide* purchaser will be protected. No well adjudged case has come under our observation, nor do we believe such a case can be found, which holds a different doctrine.

When we consider the whole case, we are clearly of opinion that Mrs. Castle must be protected in her title. Plaintiff in error failed to establish such a title as to enable him to recover, and the court below did not err in finding for defendants. The judgment must be affirmed.

*Judgment affirmed.*