## JAMES AND E. W. LINK ET AL. V. E. W. PAGE ET AL.

### No. 2595.

1. **Deed—Power of Attorney.**—A deed made by one properly authorized by power to convey the property will pass the title, although it may declare by its recitals that it was executed by virtue of a power contained in some other instrument which is invalid.

2. **Deed—Fraud.**—A deed after being prepared and read and before signature was substituted by the grantee with another deed unsigned and conveying much more land. This was done during the temporary absence of the grantor from the room where the deed was written, and was done by the grantee, who thus fraudulently obtained both the signature and acknowledgment. *Held,* that as between the parties to the transaction the signing and acknowledgment of the substituted paper did not make a contract. Through mistake on the part of the grantor and fraud of the grantee the minds of the parties did not meet and concur in the terms of the paper signed so as to constitute a legal agreement. But if the negligence of the vendor contributes to the perpetration of such a fraud he is thereby estopped from setting it up as against an innocent third party who in ignorance of the fraud has paid value to the apparent vendee therefor.

3. **Power of Attorney.**—No presumption from lapse of time exists that a power of attorney once legally executed and acknowledged has been revoked.

4. **Innocent Purchaser.**—An innocent purchaser who has paid value for land to one acting under power of attorney, and who had already exercised his power by selling the land to another who neither entered into possession nor had his deed recorded, takes title if he purchased with no notice of the prior unrecorded deed.

ERROR from Bee. Tried below before Hon. H. Clay Pleasants.

The opinion states the case.

*A. B. Peticolas,* for plaintiffs in error. — 1. When a deed in a chain of title made under and by virtue of a power of attorney expressly refers to the power of attorney under and by virtue of which it was made in such a way as to identify it with certainty as the power under and by virtue of which only the deed is made, then the validity and legal force and effect of the deed so made is governed solely by the power of attorney thus referred to and indentified and expressly made a muniment of title and can not be helped by any other power of attorney that may have been made between the attorney and his principal, although such last power of attorney was in full force at the time the deed was made.

2. Although there may be two powers of attorney in existence between the attorney and his principal at the time a deed is made, and although both powers of attorney may authorize the sale of the same land, if the deed expressly refers to one of the powers as the one under which the

deed is made, and the powers given under the two instruments are different, then the power referred to must govern the deed and not the other which is not referred to.

3. Recitals in a deed are conclusive estoppels upon all parties and privies to the deed. The recital of the power of attorney of 1855 in the deed from James Bailie to F. H. Bushick makes that power of attorney a part of the deed as much as though it was an express covenant written in the face of the deed itself. It works on the interest in the land, not by implication merely but directly by admission of the parties. This admission made that power of attorney a muniment of defendants' title, and a conclusive estoppel upon them, prohibiting their claiming any other instrument in its place as a muniment in their title, and as an estoppel it travels with the title into whatsoever hands it passes. It is as much a muniment of defendants' title as any covenant therein running with the land. Carver v. Jackson, 4 Pet. U. S. Rep., 86; Id., 6 Peters, 692.

4. A recognition in a subsequent deed referring to and describing a voidable deed in a manner to evince an acquiescence in it is an estoppel upon all parties to the deed. Breckenridge v. Ormsby, 1 J. J. Marsh. (Ky.), 236.

5. Recitals in deeds estoppel on parties and privies. Kimbro v. Hamilton, 28 Texas, 568; Box v. Lawrence, 14 Texas, 556; Hardy v. De Leon, 5 Texas, 244; Greenl. on Ev., sec. 23; Bige. on Est., 295–297; Carver v. Jackson, 4 Pet., 86; same case, 6 Pet., 612; Breckenridge v. Ormsby, 1 J. J. Marsh (Ky.), 236; Clamorgan v. Green, 32 Mo., 285; Douglas v. Scott, 5 Ohio, 194; Dean v. Brewer, 1 N. J. (Coxe), 172; Bryan v. Moorehouse, 22 Ill., 603.

6. If any person shall with intent to defraud substitute one instrument for another, and by this means induce any person to sign an instrument materially different from the one he intended to sign, and such fact clearly appears from the testimony offered by the party offering the deed in evidence, and that is the only evidence of the execution of the instrument, the due execution of the instrument is not thereby proved, but on the contrary the forgery is affirmatively established thereby, and such deed is inadmissible in evidence, and if admitted the court should have charged that it was a forgery within the meaning of the law regulating such instruments.

7. If a deed is prepared for the signature of the grantor, which he reads over and assents to, and afterwards temporarily leaves the room, and while he is gone another deed is prepared and substituted for the deed which had been read, and the grantor signs and acknowledges the substituted deed in ignorance that the deed had been changed and believing that he was signing the deed that he had read over, the deed thus procured is a void deed; the same may be attacked under the plea of *non*

*est factum,* and it is invalid even in the hands of subsequent holders who claim to have paid value for the land without notice of the fraud. Stacy v. Ross, 27 Texas, 4; Volkenburg v. Rouk, 12 Johns, 337; Briggs v. Ewart, 51 Mo., 257; Martin v. Smylese, 55 Mo., 597; Carby v. Waddle, 57 Mo., 452; Anderson v. Waters, 4 Mich., 113; Cluse v. Guthrie, 42 Ind., 227; Foster v. McKinnon, 4 C. B., 704.

*Brown & Beasley,* for defendants in error.—If Bailie by virtue of the power of attorney from John Robinson, John Bailie, and Agnes Bailie, of date April 20, 1857 (introduced in evidence by plaintiffs), was authorized to sell the land to Bushick, then the title to the land would pass by his deed to Bushick, notwithstanding the deed recited that it was made by virtue of another and different power of attorney. Hough v. Hill, 47 Texas, 148; Pope v. Davenport, 52 Texas, 206.

If Bailie signed the deed and delivered it to Bushick, then it would not be a forgery, notwithstanding Bailie may not have known the contents of the deed and Bushick have been guilty of fraud in misrepresenting its contents to him. Penal Code, arts. 431–441; 3 Jacob's Fisher's Dig., art. 3234; 2 Bish. Crim. Law, secs. 589, 590, and authorities cited; 1 Bish. Crim. Law, secs. 584, 1019, and authorities cited under sec. 156; State v. Flanders, 38 N. H., 324; Commonwealth v. Sankey, 10 Harris (Pa.), 390; 2 Whart. Crim. Law, sec. 1435, and cases cited.

If Bushick obtained the deed from Bailie by the grossest deception and fraud not amounting to forgery, the deed will be voidable only, not void, and defendants buying from Bushick in good faith without notice of his fraud and paying full value are entitled to protection as purchasers in good faith. Allyn & Co. v. Willis & Bro., 65 Texas, 65; Joseph Mikeska v. Leon & H. Blum, 63 Texas, 44; Temperance A. Cook v. Frank Moore et al., 39 Texas, 255; Flanagan v. Peareson, 50 Texas, 383.

GAINES, ASSOCIATE JUSTICE.—The plaintiffs in error, who were proved to be the heirs of Robert N. Martin, brought this suit in the court below to recover of defendants in error the tract of land described in the petition. Both parties claimed under John Robinson and Agnes Bailie as the common source of title.

The plaintiffs introduced in evidence a power of attorney from John Robinson, Agnes Bailie, and her husband John Bailie, to James Bailie, which authorized him to sell and convey the land in controversy as well as other lands. This instrument was executed April 20, 1857, and was duly acknowledged. The plaintiffs also introduced in evidence a deed from John Robinson, Agnes Bailie, and her husband John Bailie, executed by James Bailie by virtue of the power above mentioned, which conveyed several tracts of land, including the land in controversy, to

Robert N. Martin.  Neither of these instruments were recorded in Bee County until the rights of defendants had attached.

The record shows that the constituents in the power above named had previously executed a power of attorney in 1855, which authorized John and James Bailie or either of them to sell the same lands.  To this power of attorney there was no proper certificate of acknowledgment to bind Agnes Bailie, who appeared upon its face to be a married woman.

The defendants introduced in evidence a deed executed in the names of John Robinson, Agnes Bailie, and her husband John Bailie, by James Bailie as their attorney in fact, to one Bushick, which purported to convey to Bushick certain lands in Texas, and which included in the description the land in controversy.  This conveyance referred to the power of attorney executed in 1855, and purported by its recitals to have been executed by virtue of the power therein given.

To support the deed to Bushick the defendants offered in evidence the power of attorney executed in 1857, to which plaintiffs objected.  The instrument was however admitted over their objection.  The ruling of the court upon this question is the ground of the first assignment of error.  The question is not an open one in this court.  In Hough v. Hill, 47 Texas, 148, the precise point was before this court, and it was there held that a deed made by an attorney will pass the title if he in fact have the power to sell, although it may purport by its recitals to be executed by virtue of a power contained in another instrument which may be invalid.

The defendants introduced a chain of conveyances of land in controversy from Bushick down to themselves, and testified that they bought the property without notice of any adverse claim and paid a valuable consideration therefor.  The plaintiffs in rebuttal introduced James Bailie, the attorney who executed the deed to Bushick.  This witness testified that Bushick applied to him to purchase 300 acres of the land, representing that there was that quantity which had not been previously conveyed; that he told Bushick that he thought that he was mistaken; that Bushick insisted, and he consented to convey him the 300 acres for $300; that a deed was drawn in accordance with that agreement, which he read; that he retired from the room, and when he returned Bushick presented a deed to him, which he took to be the same he had read, and which he signed and acknowledged without reading.  The witness also stated that he never received the $300 actually agreed to be paid.  The deed signed and acknowledged by him purports to be for the consideration of $1000, and purports to convey all the lands in Texas inherited by the grantors from certain brothers named, and refers to the record of a decree of partition for description.  The decree of partition shows that the several tracts set apart to the grantors embraced some 20,000 acres.

There was a plea of *non est factum* interposed as to the deed to Bush-

ick.    The court charged the jury in effect that if they found that this deed was forged to find for plaintiffs, unless they found for defendants. upon their pleas of the statute of limitations; but that if they did not find the deed was forged they should find for defendants.

Let us first determine what is the law of the case.    The plaintiffs. having pleaded *non est factum* to the deed which purported to have been made to Bushick, and no evidence having been offered to establish it except that of James Bailie, the attorney in fact who purported to have executed it, it was a question for the jury whether the deed offered by defendants was or was not the substituted paper which he testified that he signed and acknowledged.

We think his testimony warranted the jury in concluding that it was the instrument so executed.    The court having submitted the question of forgery to them, and they having found for defendants, we think it must be conclusively presumed that it was the same instrument.    But the facts testified to by Bailie are also uncontroverted, and we are therefore of opinion that it must be determined that the deed actually executed by him was not the deed he had read and had agreed to execute, but that his signature and acknowledgment were obtained by fraud in substituting an instrument he never agreed to sign.    We do not understand that this made the grantee who perpetrated the fraud guilty of forgery, but, we do understand that as between the parties to the transaction the signing and acknowledgment of the writing did not make a contract of conveyance.

The attorney of the grantors never having assented to the contract set forth in the alleged conveyance, signed by him through mistake on his part and fraud on part of his grantee, the minds of the parties did not meet and no agreement was consummated.    Stacy v. Ross, 27 Texas, 4; Von Volkenberg v. Rouk, 12 Johns, 337; Bish. on Cont., 2d ed., secs. 345-6 *et seq.,* Pollock's Prin. Cont., 401 *et seq.*    A purported conveyance the execution of which is obtained by any fraudulent device by which the grantor is misled as to the contents is void.    But when the signer has not exercised due care, and through his gross negligence has signed a. paper by which third parties may be misled to their injury, a different principle will apply.    Where a negotiable instrument has been so signed and has passed into the hands of innocent purchasers the party so signing, whether as maker or endorser, is generally held estopped to deny the validity of his signature.    It has been so held by this court.    Davis v. Gray, 61 Texas, 506, and cases cited.    We think also where the owner of real property negligently clothes another with the apparent title to it, although the execution of the instrument which purports to convey the title may be obtained by fraud, and third parties being misled thereby innocently purchase and pay value for the property, he should be held

estopped to deny the validity of the conveyance. This principle was announced by this court in the case of Steffian v. Bank, 69 Texas, 513, in which it is held that one who signs and acknowledges a conveyance to be delivered only upon condition may be estopped to set up the non-delivery by negligently permitting it to pass into the hands of the grantee. See also Hussey v. Moser, 70 Texas, 42; Garagan v. Bryant, 83 Ill., 376.

Bailie's testimony shows that after he had read the deed Bushick had prepared, Bushick told him he wished to add something to it, and that he retired, was then gone an hour, and upon his return signed the deed presented to him without further examination. This we think shows gross negligence, and that his grantors should be held estopped to set up the fraud as against purchasers for value without notice of it; and we are also of opinion that the plaintiffs who claim under a deed which they had failed to have recorded should also be estopped to allege the fraud as against purchasers who paid value without notice either of the existence of the former deed or of the fraud practiced in obtaining the latter.

It is complained that the court erred in failing and refusing to submit to the jury the question whether the defendants were bona fide purchasers or not. This was a question of fact depending for its determination upon oral testimony, and it was proper to have submitted it. But the facts that defendants received their conveyances and paid value for the land without notice either of the fraud of Bushick in obtaining his deed or of the prior conveyance to Robert N. Martin are undisputed. Is there any evidence in the case by which the defendants should be held to have been put upon inquiry? We think not. It is true that nearly twenty years had elapsed from the date of the power of attorney which was executed in 1857 to the time of the execution of the deed to Bushick. But after a diligent search we have found no case which holds that the power ceases to exist even after such a long lapse of time. On the contrary it seems that an agency which is proved to have once existed is presumed to continue in the absence of rebutting evidence. Ryan v. Sams, 12 Adolph & El. (2 B.), 460; McKenzie v. Stevens, 19 Ala., 692. There was no evidence in this case of the revocation of the power. It is true that the power may have been exhausted by the previous conveyances made by the attorney, but the conveyance of the land in controversy was not of record in Bee County, and defendants can not be held to have had notice of it. Their testimony showed that when they purchased they paid the fair value of the land. The deed to Bushick is a warranty deed, and purports to convey not a mere chance of a title but the lands themselves. Under these circumstances if the court had given the proper instructions and the jury had found for plaintiffs it would have been the duty of the court below upon motion to set aside the verdict. The judgment for the defendants was the only proper judgment which the evi-

dence warranted.   In such a case a new trial will not be granted on ac-- count of errors in the charge.   Brice v. Bowles, 66 Texas, 724, and cases. there cited.

The judgment is accordingly affirmed.

*Affirmed.*

Opinion February 5, 1889.