**PURE OIL CO. et al. v. SWINDALL et ux.**

No. 1378—6010.

Commission of Appeals of Texas, Section B.
March 15, 1933.

Wynne & Wynne, of Wills Point, Vinson, Elkins, Sweeton & Weems, C. A. Sweeton, and Tom Fletcher, all of Houston, and R. G. Storey, of Dallas, for plaintiffs in error.

Coker, Wilson, Rhea & Neel and Marion S. Church, all of Dallas, for defendants in error.

Thompson, Mitchell, Thompson & Young, Truman Post Young, and P. G. McElwee, all of St. Louis, Mo., amici curiæ.

SHORT, Presiding Judge.

There are two applications for the writ of error granted in this case, one by the Pure Oil Company and its assignors, and the other by R. L. Wells, one of the original defendants. The application of the Pure Oil Company and its assignors was granted on the second assignment of error in its application, which is to the effect that the Court of Civil Appeals erred in its opinion in holding that the doctrine of innocent purchaser for value would not be applicable to the Pure Oil Company, and to the other plaintiffs in error, in the application, as a defense to the suit brought by G. W. Swindall and wife, which had for its purposes the cancellation of a deed executed by G. W. Swindall, February 22, 1924, conveying an acre of land to the school authorities of Van Zandt school community in Van Zandt county by reason of fraud and deception in procuring the execution and delivery of such deed, and also the cancellation of the deed executed by the school authorities February 21, 1924, conveying the land to R. L. Wells, as well as the cancellation of certain oil leases and easements granted by Wells, and all royalty contracts, titles, and interests claimed by defendants, derived from and under the said deed from Swindall to the school authorities, and to remove said instruments as clouds upon plaintiff's title, and also to recover the title to and possession of the land. The parties who are made defendants were the Van Zandt School District No. 53,

8

and its trustees and R. L. Wells, the Pure Oil Company, and its assignors, all of whom filed answers, which contained, among other things, as defenses, general denials, pleas of not guilty, estoppel, innocent purchaser, and the limitation statutes of 3, 4, 5, and 10 years. The case was tried to a jury, and, at the conclusion of the evidence, the court directed a verdict for defendants. Upon appeal to the Court of Civil Appeals at Dallas, the judgment of the district court of Van Zandt county was reversed, and the case was remanded on the ground, among other things, that there was testimony raising the issue to be decided by the jury of fraud and misrepresentation inducing the execution of the deed of February 22, 1924, and therefore the trial court had no authority to instruct the jury to return a verdict for the defendants. (Tex. Civ. App.) 37 S.W.(2d) 1094, 1097.

The defendants in error make the following statement of the case:

"The Court of Civil Appeals reversed and remanded the case for a determination of certain issues of fact arising on the face of the record by virtue of the testimony that showed that defendants in error acquired good title to the property in controversy from James F. Starr (agreed common source of title) in 1880, and shortly thereafter defendants in error agreed to convey, and did convey, the property in controversy to the trustees of the school district, to have and to hold so long as used for school purposes, and if' and when said school ceased to use said 'property for school purposes the same would revert to defendants in error, and their heirs. The consideration for this deed was three dollars, fifty cents of which amount was contributed by defendants in error. This deed was lost, and never filed for record.

"After the execution of the first deed, a Mr. Bacon, superintendent of the school, and who was then rooming with defendants in error, requested them to execute another deed to the property, explaining that the first deed was to the trustees of the school community, whereas it should have been to the county judge, and defendants in error agreed to execute, and did execute, a second deed, and the only difference in the first and second deeds was that the second deed was made to the county judge, whereas the first was made to school trustees. This deed was delivered to Bacon. It was likewise lost, and never filed for record.

"On February 22, 1924, Mr. Horace Cook, a notary public, at the instance of the school trustees and P. E. Neill, one of the trustees of the school, through fraud and misrepresentation, obtained from the defendants in error a deed covering the property made to the county judge, and his successors in office, for the benefit of the school district, the deed having been prepared by the school trustees, and having been presented and represented to the de-

fendants in error as being in all respects the same as the second deed. ·Defendants in error knew the school trustees, and relying implicitly upon their statements as to the contents of the deed, the terms and provisions of the deed were wholly different and contrary to the terms and provisions of the lost deed. There was no consideration whatsoever paid for the execution of this deed. Defendants in error were old, infirm, uneducated and unable to read or write even their own names. The deed was not read to them. The deed provides: 'This deed is made in lieu of a deed heretofore executed by me to the above described property, the former deed being lost or misplaced, and not being of record, and this conveyance is to have all the force and effect as original deed.' The 1924 deed was filed for record June 9, 1927.

"On February 21, 1924, the day before the execution of the deed last above mentioned, two of the trustees of the school community, then called the Van School District, executed and delivered a purported deed of conveyance of said lot to plaintiff in error R. L. Wells. This deed was not authorized by resolution of the board of trustees of the school district or the county school board of Van Zandt County. Plaintiff in error, Wells, subsequently executed an oil and gas lease to the plaintiff in error, The Pure Oil Company, and likewise conveyed certain royalty interest in the land to the other plaintiffs in error. Plaintiff in error, Wells, as witness for himself, upon the trial of the case, admitted that he was not a bona fide innocent purchaser for value without notice. He testified: 'I acted and relied upon my own judgment to a certain extent. I did not go to the records and check them, neither did anybody acting for me. I did not investigate the records. I just taken a chance at what they might have.' (Referring to title of the two trustees who executed his deed.)

"At the time defendants in error executed the 1924 deed they did not know that the school trustees had sold or intended to sell the property to Wells or anyone else, and did not learn that they attempted to sell to Wells until three or four years after they executed the deed. The school district ceased to use the lot in question for school purposes, and had, before the institution of the suit, permanently abandoned the lot for school purposes, with the intention never to so use it again for school purposes.

"The trial court peremptorily instructed the jury to return a verdict for plaintiffs in error, and the Court of Civil Appeals reversed and remanded the case, holding, among other things, that: 'An instrument (referring to the February 22, 1924, deed) executed under circumstances that we believe the evidence tends to show Swindall executed the instrument in question, could not have obtained the status of a contract, because never assented to and

being void, would possess no greater value in law than a mere forgery.'

"Thus it was concluded by the Honorable Court of Civil Appeals that the plaintiffs in error could not claim protection as innocent purchasers under the void instrument."

■ The record discloses that the defendants in error did not plead that the instrument, the execution of which was alleged to have been obtained by fraud, was not in fact executed by G. W. Swindall. The record also discloses that no plea of failure of consideration was interposed by G. W. Swindall for the execution and delivery of the instrument alleged to have been procured by fraud. However, as we construe the opinion of the Court of Civil Appeals it apparently assumes that the record, as a whole, shows that the transaction evidenced by the instrument, dated February 22, 1924, had no more legal effect, assuming the theory of the defendants in error to be correct, than it would have had assuming the instrument to be a forgery. The Court of Civil Appeals, among other things, says in its opinion: "We assume, for the sake of the discussion, that plaintiffs will ultimately succeed in establishing their contention, that is to say, that fraud was in fact was practiced on G. W. Swindall that led to the execution of the deed sought to be canceled; now, in such event, could defendants, who derived title under said deed, claim protection as innocent purchasers? We do not think so." In other words, the Court of Civil Appeals holds, in effect, that "if a person is ignorant of the contents of the written instrument, from inability to read, and signs through mistake and misrepresentation, without negligence on his part, such a contract is generally held void for want of assent." We think this is a correct statement of the law where the litigation is between the parties to the written instrument, or between parties who have notice that the written instrument was executed under such circumstances, as to render its execution void, or with notice of facts which would put persons of reasonable prudence upon inquiry, which, if pursued with reasonable diligence, would have led to the discovery that the instrument was executed under such circumstances as to render its execution void. Steffian v. Milmo Nat. Bank, 69 Tex. 513, 518, 6 S. W. 823; Stacy v. Ross, 27 Tex. 3, 84 Am. Dec. 604; Link v. Page, 72 Tex. 592, 596, 10 S. W. 699; 6 R. C. L. 625, 626. This being the situation of the transaction, the principle of law involved is to the effect that the grantor of such an instrument never having assented to the contract, but who signs an instrument evidencing said contract through mistake on his part, and fraud on the part of his grantees, the minds of the parties did not meet and no agreement was consummated, and therefore the act of signing is void.

■■ We think the record, without dispute, demonstrates the fact to be that the Court of Civil Appeals was correct in so far as it declared that the judgment of the trial court could not be upheld, but on the contrary should be reversed, and the case remanded for another trial, as to R. L. Wells, and the school authorities of the Van School District No. 53, for the reasons upon which the Court of Civil Appeals based its conclusion as to these parties. We find sufficient evidence in the record to conclude that an issue was raised by the testimony as to whether the instrument of February 22, 1924, had been procured to be executed by the fraud of the parties mentioned, either directly, or by reason of the fact that the parties had notice of sufficient facts to put them upon inquiry, as to whether this instrument of February 22, 1924, was a genuine one. The grantees in that instrument in fact paid nothing for its execution and delivery. At the time it was executed the grantees had already executed another instrument, hearing the date of the previous day to R. L. Wells, when, according to the record, neither the trustees, nor the school district had any interest in the property. Had not the defendant in error G. W. Swindall executed and delivered the instrument of February 22, 1924, the instrument dated February 21, 1924, would have been utterly ineffectual to convey any interest in the property. At that date the school authorities had ceased to have any interest in the property, and therefore its representatives would have conveyed none. The parties to the instrument, dated February 21, 1924, must have known this, and were visited with the consequences of such knowledge. We think the assignments of error presented in the application of R. L. Wells should therefore be overruled, and that as to R. L. Wells, the opinion of the Court of Civil Appeals should be affirmed on the ground that the trial court was in error in directing the jury to find a verdict in his favor, inasmuch as a verdict should not be directed by a trial court, unless the evidence, as a matter of law, will admit of no other conclusion.

The defendants in error contend that the other plaintiffs in error are not entitled to the protection of innocent purchasers for the same reason that R. L. Wells, and the school authorities would not be, assuming, of course, that a jury should find the material facts supporting the contention of the defendants in error to be true. That we may discuss the more intelligently this contention, it seems necessary to make a brief résumé of the salient facts shown by the record.

The defendant in error G. W. Swindall became the owner of the one acre of land involved by purchase from Jas. F. Starr, on September 17, 1880. Some time during that year he made a deed to the trustees of the

Van School District in this acre of land to be used for school purposes and to revert to him and his heirs when it should cease to be so used. This deed was lost and was never placed of record. Some six years thereafter a similar deed was executed and delivered, differing only in the fact from the first deed, that the second deed was made to the county judge of Van Zandt county and his successors in office. This deed was likewise lost and never recorded. The school district continued to use this acre of land from 1880 to 1915, when it apparently abandoned it for school purposes by building another school house on another location. However, it appears that this acre of land was used by various and sundry societies intermittently, if not consecutively, though the record does not disclose by what authority the land was used from the time it was abandoned for school purposes up to the time Wells acquired the apparent ownership of it by the transactions heretofore stated, on February 22, 1924. The record does not disclose, affirmatively, whether Wells thereafter actually used the land or exercised any visible appropriation of it until June 8, 1927, when Wells executed and delivered to the plaintiff in error E. Eichenberg a mineral lease on the land. The other plaintiffs in error, who are associated with the Pure Oil Company, all hold under conveyances from Wells some interest in the land involved, by virtue of instruments, the dates of which are subsequent to June 8, 1927. The record does not disclose that any of the persons claiming under R. L. Wells had any actual notice of the transaction, evidenced by the instruments dated, respectively, February 21, 1924, and February 22, 1924, beyond what the instruments themselves disclose. These instruments were withheld from the record by Wells until June 9, 1927, and, of course, were not of record when Wells conveyed the mineral rights to Eichenberg. So the real question as to the defendants in error, except Wells and the school district and its representatives, is whether, under this state of facts, the plaintiff in error Pure Oil Company and the others holding under Wells are entitled to the protection of the law as innocent purchasers, the Court of Civil Appeals having held that they* were not, and the Supreme Court having granted the writ of error, based upon the assignment that the Court of Civil Appeals had erred in so holding.

From the necessities of the case, there are certain risks which a purchaser of land in Texas must assume. One of these is that the deeds in the chain of title may be a forgery, or that another than the grantor of identical name to the former grantee in a deed may not be the true person who executed the conveyance. Another is that the grantor was mentally incapable of executing the conveyance. Another is that the grantor was a minor or married woman at the time the conveyance was executed under some circumstances. Another is the rights of parties in possession. Another is that there may not have been a legal delivery of some one or more of the deeds in the chain of title, and probably another is boundary questions. However, none of these exceptions to the general rule appear to be involved in this case. Aside from these well known classes of risks a prospective purchaser of land in Texas is entitled in good faith to rely upon written instruments, apparently genuine, which are fair on their face, and which, apparently, place in the would be seller the legal title to the land.

The doctrine of innocent purchaser grows out of the idea that a court of equity will not grant relief against an innocent party where the plaintiff has placed in the hands of another, the apparent power to cause the said party to act to his detriment, and that where one of two innocent parties is to suffer, then the one who has placed in the hands of another the means by which a wrong is done must be the one to suffer. We assume that the execution and delivery of the instrument, dated February 22, 1924, was procured through fraud. So assuming, such an instrument so executed and delivered, in the absence of notice of the circumstances under which its execution and delivery was procured, apparently was fair on its face, and therefore not void, though subject to be declared so by a court of competent jurisdiction under proper pleadings and due proof. In other words, such an instrument so executed, as between the parties, was voidable, and was not void, even between the parties. Furthermore, until such an instrument has been declared to be void, in an authoritative manner, persons who are ignorant of the circumstances under which the instrument was executed and delivered are entitled to consider it genuine.

However, it must be borne in mind that in determining whether an instrument is void or voidable, it is essential to consider whether the instrument, if genuine, would accomplish the apparent purpose of its execution. Clearly an instrument purporting to be the act of A could not bind A, in the absence of negligence on the part of A, when A's name had been used without authority as grantor in the instrument. In other words, no person can be an innocent purchaser of lands in Texas where one of its links in its chain of title is a forgery. An instrument defective for some reason which is capable of ratification by acts or declarations, as the acts or declarations of the grantor can never be void, provided, of course, it is shown that the acts were advisedly done, or the declarations advisedly made, that is with knowledge of the true situation. So in the case at bar, assuming that the execution and delivery of the deed, dated February 22, 1924, was procured by fraud,

yet if G. W. Swindall, being mentally capable so as to be responsible for his acts and declarations, with full knowledge that the fraud had been committed, had ratified his act clearly he would be bound by such ratification. Whereas, if the record should have shown that G. W. Swindall never executed the deed, or if he had executed the deed, that he did not deliver it, anything he may have made or done thereafter with reference to this transaction would not be considered a ratification of his act, evidenced by the deed dated February 22, 1924, because the latter transaction would be void, and not merely voidable. That which is void is incapable of ratification. That which is merely voidable may be ratified under proper circumstances. 1st Devlin on Deeds, § 17.

As we understand the opinion of the Court of Civil Appeals, it holds that the deed of February 22, 1924, the execution and delivery of which was procured as it was assumed to have been, through fraud, could not be considered by persons ignorant of the fraud, as the act of G. W. Swindall, but rather as a forgery on account of the perpetration of fraud. In Link v. Page, 72 Tex. 594, 10 S. W. 699, 701, there was a question of forgery involved which was decided by the jury against the person claiming the forgery. There was also a question involved of fraud in the execution and delivery of an instrument. In speaking of this situation the Supreme Court, through Associate Justice Gaines, said: "We do not understand that this made the grantee, who perpetrated the fraud, guilty of forgery; but we do understand that, *as between the parties to the transaction* [italics ours], the signing and acknowledgment of the writing did not make a contract of conveyance. The attorney of the grantors never having assented to the contract set forth in the alleged conveyance, signed by him through mistake on his part and fraud on part of his grantee, the minds of the parties did not meet, and no agreement was consummated. * * * A purported conveyance, the execution of which is obtained by any fraudulent device by which the grantor is misled as to the contents, is void." We understand by this excerpt, and especially by the last sentence when construed in connection with what had been said previous thereto, to mean that as between the parties, the purported conveyance was void. This construction is borne out by what the court later said in the same opinion. "It is further complained that the court erred in failing and refusing to submit to the jury the question whether the defendants were bona fide purchasers or not." (This is the identical question involved in the case here.) Proceeding the court said: "This was a question of fact depending for its determination upon oral testimony, and it was proper to have submitted it. But the facts that defendants received their conveyances, and paid value for the land, without notice either of the fraud of Bushick in obtaining his deed, or of the prior conveyance to Robert N. Martin, are undisputed. Is there any evidence in the case by which the defendants should be held to have been put upon inquiry? We think not. * * * The deed to Bushick is a warranty deed, and purports to convey not a mere chance of a title, but the lands themselves. Under these circumstances if the court had given the proper instructions, and the jury had found for plaintiffs, it would have been the duty of the court below, upon motion, to set aside the verdict. The judgment for the defendants was the only proper judgment which the evidence warranted."

In the case at bar there was no testimony indicating that the assignees of R. L. Wells were in possession of any fact which would have put them upon inquiry as to the genuineness of the deed of G. W. Swindall to the school trustees of the Van School District. Had there been any such testimony, it would have been proper for the court to have instructed the jury on this question, and submitted the issue whether these plaintiffs in error were innocent purchasers or not. In the absence of such testimony there was no occasion or necessity for the submission of such issue, inasmuch as there was not a question of fact under the record, whether the assignees of R. L. Wells had any knowledge of the circumstances under which G. W. Swindall was induced to execute and deliver the deed of February 22, 1924, which was fair on its face.

The court further said in its opinion, in Link v. Page, supra: "We think, also, where the owner of real property negligently clothes another with the apparent title to it, although the execution of the instrument which purports to convey the title may be obtained by fraud, and third parties being misled thereby innocently purchase and pay value for the property, he should be held estopped to deny the validity of the conveyance. This principle was announced by this court in the case of Steffian v. [Milmo Nat.] Bank, 69 Tex. 513, 6 S. W. 823, in which it is held that one who signs and acknowledges a conveyance, to be delivered only upon conditions, may be estopped to set up the nondelivery by negligently permitting it to pass into the hands of the grantee." Eylar v. Eylar, 60 Tex. 315; Pool v. Chase, 46 Tex. 207, 210; Graves v. Kinney, 95 Tex. 210, 66 S. W. 293; Cook v. Moore, 39 Tex. 255; Schneider v. Sellers, 98 Tex. 380, 84 S. W. 417.

As we understand the opinion of the Court of Civil Appeals in this case, it holds that should a jury conclude G. W. Swindall was induced to execute and deliver the instrument of February 22, 1924, on account of his faith in the statements of Cook, the

notary public, who took his acknowledgment, that the contents of this instrument was identical with the instrument he had previously executed in favor of the county judge, when in truth and in fact it was not, then on account of the perpetration of this fraud, the act of Swindall was a futile one, invalid, void, and without the semblance of genuineness, so much so that persons purchasing under that deed for value, without notice of the fraud perpetrated upon Swindall, could not occupy the position of innocent purchasers. We think this particular holding in the opinion is incorrect. Had there been any testimony whatever of a substantial nature tending to show that the persons holding under Wells had any notice of the fraud perpetrated upon Swindall, then we think the opinion of the Court of Civil Appeals would be correct, but inasmuch as there is no testimony in the record of this character, the rule laid down by the Court of Civil Appeals would not apply to such purchasers. The only fact which, had it been accompanied with the actual possession of the property remaining in Swindall, appearing in the record, calculated to provoke inquiry was the fact that the deed of February 22, 1924, was not placed of record until June 9, 1927. But we do not think this fact, unaccompanied by the continuation of such possession, was sufficient to provoke inquiry, or create a suspicion that the deed of February 22, 1924, was not a genuine one, because Swindall had not been in possession of the property since the year 1880. So far as the purchasers for value from Wells were concerned, they had a right to assume that the deed was genuine when all the facts and circumstances of the case are given due consideration.

The case of Ramirez v. Bell (Tex. Civ. App.) 298. S. W. 924, in its facts are very similar to those in the case at bar. In that case Bell exhibited to a Mexican, who was unlettered and unlearned, a warranty deed and represented to him that it was a mortgage, in reliance upon which fact the grantor executed and delivered the deed. This was a misrepresentation as to the contents of the deed, and the court held that the deed was voidable only at the election of the defrauded, and that the maker could not assert the fraud against a bona fide purchaser. The Supreme Court refused a writ of error in that case, and inasmuch as the opinion contains an exhaustive discussion of the legal principles involved, we pretermit any further discussion, believing that the opinion in Ramirez v. Bell states substantially the law of this case. It is true there is respectable authority in support of the holding in the opinion of the Court of Civil Appeals, that the procuring of the execution and delivery of an instrument by misrepresentation of its contents is a forgery, but by the great weight of au-

thority it is held that falsely procuring a genuine signature to an instrument does not constitute forgery. 26 L. R. A. (N. S.) 138, note; 26 C. J. 900, notes 52 and 53. All the other assignments of error in the application of the Pure Oil Company and its assignors have been considered and we think they should be overruled.

We recommend that the opinion of the Court of Civil Appeals, in so far as it reverses the judgment of the trial court and remands the case, as to plaintiff in error R. L. Wells, be affirmed (the school district and its legal representatives not having applied for a writ of error); and as to the other plaintiffs in error, the judgment of the Court of Civil Appeals be reversed, and that of the trial court affirmed.

CURETON, Chief Justice.

The judgment of the Court of Civil Appeals is affirmed in so far as it reverses the judgment of the trial court and remands the case as to the plaintiff R. L. Wells, and as to the other plaintiffs in error, the judgment of the Court of Civil Appeals is reversed and that of the trial court affirmed, as recommended by the commission.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.