### FIRST STATE BANK OF TENAHA et al. v. COLLINSWORTH et al.

No. 3219.

Court of Civil Appeals of Texas. Beaumont.

Nov. 5, 1937.

Rehearing Denied Dec. 1, 1937.

Second Motion for Rehearing Denied Dec. 15, 1937.

310

A. V. Grant, of Longview, for appellants.

Sanders & McLeroy and Lane & Anderson, all of Center, for appellees.

COMBS, Justice.

This suit was filed in the district court of Shelby county, Tex., by the First State Bank of Tenaha, to determine the rights of several rival claimants to a fund of $4,000 deposited with it in escrow in connection with an oil well drilling contract between J. F. Collinsworth as driller, and F. G. Curtain and F. E. Mulroy.

J. F. Collinsworth, an oil well drilling contractor, made a contract with F. E. Mulroy and F. G. Curtain, owners of certain oil leases in Shelby county, to drill a well. The contract which was in writing, together with $4,000, the contract price for drilling the well, were placed in escrow with the bank. The agreement contained the following provision: "It is hereby stipulated that the completion of this contract by First Party in such manner as to entitle him to receive the consideration of Four Thousand ($4,000.00) Dollars as set forth above, shall be evidenced by affidavit of N. E. Hendrickson of 120½ North College St., Tyler, Texas, and C. A. Parker of Center, Texas, stating that First Party has completed and complied with said contract the affidavit to be delivered to the said First State Bank of Tenaha, Texas, and upon delivery of said affidavit said escrow agent shall deliver to the said J. F. Collinsworth, First Party, or order, said Four Thousand ($4,000.00) Dollars."

The contract required the well to be drilled to a depth of 3,400 feet unless oil should be found in paying quantities at a shallower depth. The appellees pleaded a subsequent oral modification of the contract to the effect that the drilling contract would be considered fulfilled when the Georgetown formation should be reached. The appellants denied that there had been any such modification. Collinsworth drilled the well to a depth of 3,100 feet where the Georgetown formation was struck. The drilling was abandoned without the discovery of oil. Appellees offered proof that Mulroy agreed with Collinsworth that the drilling might cease and the rig be removed. Mulroy did not take the witness stand to deny the alleged agreement. The proof shows that the rig was dismantled and moved away.

Before the money was paid out by the bank, however, a dispute developed between Collinsworth, the driller, and Mulroy and Curtain, the lease owners, as to whether Collinsworth had complied with his contract, the latter contending that the contract required the well to be drilled to a minimum depth of 3,400 feet, which had not been done.

The bank, in order to avoid liability, filed this suit impleading the several claimants of the fund and deposited the fund in the registry of the court. Thereafter various persons claiming an interest in the fund by virtue of assignments from Collinsworth for labor and material furnished in drilling the well intervened, setting up their several claims.

The case was tried to the court without a jury. Considerable testimony was offered by the parties tending to support their respective contentions. The appellees also placed in evidence affidavits of N. E. Hendrickson and C. A. Parker, made in accordance with the stipulation above quoted, and stating in effect that the drilling contract had been complied with by Collinsworth.

The trial court entered judgment in effect holding that Collinsworth had complied with his contract and adjudging that Curtain and Mulroy take nothing by their suit. The judgment established the several claims of the interveners and directed the clerk to pay over the fund to the claimants. From that judgment Curtain and Mulroy have appealed.

Opinion.

We think the judgment of the trial court was correct for several reasons. In the first place the parties specifi-

cally contracted that Collinsworth should be entitled to the escrow money upon the making of affidavits by N. E. Hendrickson and C. A. Parker to the effect that Collinsworth had complied with his contract. As above stated, such affidavits were introduced in evidence upon the trial. There was no showing or contention that fraud or bad faith entered into the making of the affidavits. And in the absence of such showing the defendants are bound by the determination so made. It has been said that the very object of the designation of such persons whose judgments shall determine when work has been performed in accordance with the contract is to prevent contention and litigation. And generally the legal effect of a determination made by persons so designated is to bind the contracting parties so that neither can question it in the absence of a showing of fraud or bad faith. This principle is discussed in 6 R.C.L. p. 956. But if the making of the affidavits by Hendrickson and Parker are disregarded, still the judgment has ample support in the record. In the first place, the evidence was ample to raise the issue that the original contract to drill the well to 3,400 feet unless oil should be discovered at a shallower depth was subsequently modified by agreement of the parties so that the well would be deemed to be completed upon reaching the Georgetown lime formation, and that formation was reached in compliance with such contract.

■ In the second place, there was also evidence to support the conclusion that the defendants Curtain and Mulroy, acting through Mulroy, consented and agreed, before the rig was removed, that the contract had been fully complied with. By making the agreement the appellants waived any right they may have had under the contract to insist upon further drilling. The principle involved is discussed in Equitable Life Assurance Society v. Ellis, 105 Tex. 526, 147 S.W. 1152, 152 S.W. 625.

■ Appellants complain of the failure of the trial judge to file findings of fact and conclusions of law. The record shows that counsel for appellants seasonably filed a motion requesting the judge to file findings of fact and conclusions of law. But it is nowhere shown that the omission was ever called to the attention of the trial judge as required by statute. Vernon's Ann.Civ.St. art. 2247. The appellants are

in no position to complain. Stevenson v. Fisk (Tex.Civ.App.) 65 S.W.2d 507.

We will add that the record contains a full statement of the facts and the record shows conclusively, we think, that the trial court entered the correct judgment. As a matter of fairness and right the appellees were entitled to their money. The judgment of the trial court is in all things affirmed.

### On Rehearing.

In their motion for rehearing the appellants urge only two assignments of error against our judgment, both challenging the jurisdiction of this court to entertain the appeal.

■ The first point is that the judgment appealed from is void because not entered in term time. It is shown that the trial of the case was commenced in December, 1936, during the November term of the 123d district court, and that the judgment was entered on January 15, 1937. The November term of court expired December 28, 1936. But the transcript contains an order entered by the trial judge on December 26, 1936, extending the term until the conclusion of pending trials. The order extending the term was in accord with the statute. Vernon's Ann.Civ.St. art. 1923; Gulf, C. & S. F. Ry. Co. v. Muse, 109 Tex. 352, 207 S.W. 897, 4 A.L.R. 613; Wichita Falls Traction Co. v. Cook, 122 Tex. 446, 60 S.W.2d 764; Valley Theatres, Inc., v. Fairbairn (Tex.Civ.App.) 21 S.W. 2d 1080.

The other point is that, in ordering the impounded funds paid over to the various claimants, the trial court directed payment to four persons who had not filed any pleadings or been cited as parties in the case and were therefore not before the court. And so it is contended this court is without jurisdiction to affirm the judgment.

■ The judgment recites that such parties appeared in person and by attorney. But if appellants' construction of the record be accepted as correct, the judgment would not thereby be deprived of finality so as to defeat the jurisdiction of this court, as would be the case if the judgment had failed to dispose of a party to the suit. Here under any view of the record the judgment disposed of all of the parties and is a final judgment. It simply went further and awarded a share in the funds to certain persons who were not

shown to have been in court by any appropriate pleading. That error was one which could be complained of only by a party who suffered some injury by it. In our original opinion we held that the appellants had no interest in the funds involved in this suit. In their motion for rehearing such holding is not challenged. So, having no interest in the funds, the appellants are in no position to urge the error.

The motion for rehearing is overruled.

### On Second Rehearing.

■ We granted appellants permission to file a second motion for rehearing in which it is contended that the judgment failed to dispose in any way of four parties who appear in the pleadings as interveners, and hence that the judgment was not a final judgment. On a careful inspection of the record we find that all parties were disposed of by judgment of the court. In some instances the judgment designates some of the parties by given names who are designated in the pleadings by initials, but the record affords sufficient facts to show that such parties are in fact the same parties. We think the judgment by its express terms did dispose of all parties to the suit.

The second motion for rehearing is overruled.