## VALLEY DREDGING CO. et al. v. SOUR LAKE STATE BANK.

### No. 3305.

Court of Civil Appeals of Texas.
Beaumont.

May 19, 1938.

Rehearing Denied Nov. 2, 1938.

Morris Pepper, S. O. Lovejoy, and Jas. A. Copeland, all of Houston, and Orgain, Carroll & Bell, of Beaumont, for appellants.

C. A. Lord, of Beaumont, and F. H. Carpenter, Jr., of Sour Lake, for appellee.

WALKER, Chief Justice.

On the 2nd day of April, 1936, appellee, Sour Lake State Bank, filed this suit in the district court of Hardin County against appellants, Valley Dredging Company, J. D. George, and Mrs. Lillian Tedford George, praying for judgment on a promissory note executed to it by appellants in the principal sum of $9,000, dated the 29th day of January, 1935, due six months after date with interest at ten per cent per annum from maturity until paid, and with ten per cent additional for attorney's fees; appellee also prayed for foreclosure of a chattel mortgage lien on certain chattels described in its petition. Appellants answered by pleas of general and special demurrers, general denial, and special pleas of usury and fraud. Their answer consumed eighty-four pages of the transcript and gives in detail the business relations between appellants and appellee from the 13th day of November, 1930, to the date this suit was filed; the total amount of the notes executed by appellants to appellee during that period of time amounted to more than $538,000. Appellants alleged, "Defendants, especially the Valley Dredging Company, have borrowed money from plaintiff over a period of years, and especially has it borrowed money from plaintiff at numerous intervals since it was incorporated on April 9, 1931, up to and including November 22, 1933, all of which notes have either been renewed or substituted and interest paid thereon."

They alleged further that, in addition to the interest and principal on the notes ex-

ecuted by them to appellee, they paid appellee more than $6,000 under an agreement whereby they were to pay appellee ten per cent on their notes and an additional sum not to exceed fifty per cent of the profits made by them on their· business dealings financed by appellee. They also alleged that the note sued upon was in renewal of a note in the sum of $10,000 executed by them on the 16th day of January, 1932, under the general agreement. They further alleged that the execution of that note was induced by fraud, in that appellee agreed that it would help them secure certain dredging contracts, and that this promise was made in bad faith with no intention of executing it. Appellee replied to appellants' answer by general and special demurrers, pleas of limitation, and other pleas not necessary to mention. The case was submitted to the jury on 184 special issues consuming 33 pages of the transcript; the verdict, answering these questions, consumes 7 additional pages of the transcript. On the verdict, judgment was entered in appellee's favor against appellants for the sum of $10,317.95, with foreclosure of the chattel mortgage lien; appellants have duly prosecuted their appeal to this court.

The first contention is that the court entered judgment against appellants non obstante veredicto without the motion provided by Art. 2211, Vernon's Ann.Civ.St.:

"The judgments of the Court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity. Provided, that upon motion and reasonable notice the Court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any Special Issue Jury Finding that has no support· in the evidence."

This contention is overruled. The usury found by the jury was charged by appellee and paid by appellants prior to ,June 16, 1932. It was the theory of the court's judgment that no usury entered into the sum of $10,000, the principal of the original note, renewed from time to time and evidenced by the. note in controversy. From the verdict of the jury the court found that this note was entitled to a credit of $1,086.30, which had not been allowed by .appellee. In entering judgment credit was

allowed for this sum. It was also the theory of the judgment that all usury paid by appellants prior to the 16th of June, 1932, as found by the jury, was barred by limitation.

On the issue of usury, on or about November, 1930, appellants agreed with appellee, as found by the jury, that, if it would furnish them the money to finance their business, they would pay appellee "more than ten (10%) per cent per annum for the use of the money to be so furnished." On the 15th day of June, 1932, appellee cancelled out of its bank one note for $2,500, and a second note for $10,000. The jury found that these notes were executed under the agreement "to pay more than 10%." On the 16th day of June, 1932, the $10,000 note referred to above was executed in renewal of the unpaid balance of the $2,500 note and the $10,000 note. There is no contention that the $10,000 note did not in good faith represent $10,000 in actual money, paid by appellee to appellants; there is no contention that any usury whatever entered into the execution of the $10,000 note. As shown by appellants' pleadings, many notes were executed by them to appellee prior to the 16th of June, 1932, and many notes subsequent to that date. No contention is made that the usury paid by appellants to appellee was not absorbed in these additional notes. There is neither pleading nor evidence to the effect that any usury was brought forward in renewing the $10,000, in the last renewal of $9.000. If some portion of appellants' answer is subject to the construction that usury was plead against the note in controversy they make no statement in their brief evidencing the fact that any usury ever entered into this note. As the note in controversy is clear of the taint of usury and as all usury in issue was barred by limitation long prior to the filing of this suit, the conclusion follows that the judgment of the court was on the verdict of the jury and not non obstante veredicto.

The statement we have made also disposes of appellants' proposition on the issue of fraud. In connection with the execution of this note and the chattel mortgage, as found by the jury appellee represented to appellants that it would aid them in securing a certain dredging contract, and this representation, was made without any intention of keeping, it. But since appellants received the $10,000 it can-

not cancel the debt—a right asserted by its proposition—on the ground that its execution was induced by fraud. Appellants only relief was for special damages, and they were not claimed.

The jury found that on or about the 1st day of March, 1935, appellee charged against appellants' account $2,100.19, for which appellants have not received full benefit. In addition to the credits allowed by the trial court against the note in issue, the judgment should be reformed by allowing the additional credit of $2,100.19.

Reformed and affirmed.

## On Rehearing.

■ We are in error in our conclusion that the judgment was not entered non obstante veredicto. The facts of the usury issue are sufficiently stated in the main opinion. On a careful review of appellants' motion, it is reasonably apparent that they contend that the original $10,000 note did not "in good faith represent $10,000.00 in actual money, paid by appellee to appellants," but on the contrary that usury entered into the amount of the note. The pleadings and the evidence raised that issue, and it was found by the jury in appellants' favor. On this statement the judgment of the court was non obstante veredicto, without the motion provided by Art. 2211.

■ The judgment of the lower court was also non obstante veredicto on the issue of fraud. The jury found that appellants executed to appellee the note and chattel mortgage in issue upon certain representations made to appellants by appellee, and that these representations were made in bad faith and without intent on appellee's part to keep them; and found that, in executing the note and mortgage, appellants relied upon appellee's representations, and would not have executed them but for appellee's representations. These facts, as found by the jury, constitute fraud of a nature to defeat the note as extended, and the chattel mortgage. Stacy v. Ross, 27 Tex. 3, 84 Am.Dec. 604; Link v. Page, 72 Tex. 592, 10 S.W. 699, 701; King v. Wise, Tex.Com.App., 282 S.W. 570, 572; Rapid Transit Co. v. Smith, 98 Tex. 553, 555, 86 S.W. 322; Edward Thompson Co. v. Sawyers, 111 Tex. 374, 234 S.W. 873; Prideaux v. Roark, Tex. Com.App., 291 S.W. 868; Trammell v. Swan, 25 Tex. 473, 498; Bankers' Trust Co. v. Calhoun, Tex.Civ.App., 209 S.W. 826, 829; Johnson v. Johnson, 11 Mass. 359; Pomeroy's Equitable Jurisprudence, Vol. 2, p. 1605, Sec. 899. In this connection we correct the statement in our original opinion that, on the ground of fraud, appellants sought to cancel the debt; and our legal conclusion that their "only relief was for special damages." The relief prayed for by appellants was cancellation of the note and mortgage on the ground that their execution was induced by fraud.

■ We overrule appellants' contention that judgment be here rendered in their favor. This was a simple action on a promissory note with prayer for foreclosure of a simple chattel mortgage. In defense, appellants plead "usury" and "fraud." Their answer consumes 84 pages of the transcript. As accurately as we can estimate them, it required 183 special issues to submit to the jury the fact issues raised by the pleadings—on oral argument, counsel were not in agreement as to the exact number of special issues. The court's charge consumes 38 pages of the transcript; the jury's verdict—the answers to most of the questions being "Yes"—consumes 5½ pages of the transcript. The transcript was prepared on full length, legal size paper. From this interminable mass of facts we cannot, to our satisfaction, properly relate the amount of usury collected by appellee to the series of notes executed by appellants to appellee, totalling more than $538,000.

In our original opinion, we charged against the amount of appellee's note the sum of $2,100.19. We are not satisfied, on the pleadings and the jury's verdict as presented by this appeal, that appellee should be charged with this sum.

We overrule appellee's motion for rehearing on the proposition that the term of court at which this case was tried was not lawfully extended. Without reciting the facts of the extension, we conclude that it was a literal compliance with the provisions of Art. 1923, Vernon's Ann.Civ. St., as construed by this court in First State Bank of Tenaha v. Collinsworth, 111 S.W.2d 309, and the authorities therein cited.

It is our order that the judgment of the lower court be in all things reversed and remanded for a new trial, on all issues raised by the pleadings.

The opinion on rehearing heretofore filed in this cause is hereby withdrawn, and this opinion filed as our opinion on rehearing.